38 N.Y.2d 776 (1975)
In the Matter of Irene O. and others. Cardinal McCloskey School and Home for Children, Appellant; Luz R., Respondent.
Court of Appeals of the State of New York.
Argued November 24, 1975.
Decided December 22, 1975.
David H. Berman, Gerald E. Bodell and Frederick J. Magovern for appellant.
Eve M. Preminger for respondent.
Chief Judge BREITEL and Judges JASEN, GABRIELLI, JONES, WACHTLER, FUCHSBERG and COOKE concur.
*777 MEMORANDUM.
Order of the Appellate Division reversed, without costs, and the order of the Family Court permanently terminating the parent's custody of her three children reinstated for the reasons stated in the decision of Judge NANETTE DEMBITZ after fact-finding and dispositional hearings. In a matter which turns almost entirely on assessments of the credibility of the witnesses and particularly on the assessment of the character and temperament of the parent, the findings of the nisi prius court must be accorded the greatest respect. The situation would be different, perhaps, if there were critical issues of fact as to what occurred; but in this matter the assessment is not of probabilities or meanings of events. On the contrary, in cases of this kind, the assessment is of persons, character, and their capacity to fulfill responsibilities and not only to intend what they say but to fulfill what they intend.
While the parent in this case may not have demonstrated as clearly as in the recent case of Matter of Ray A. M. (37 N.Y.2d 619) that she had failed in her parental responsibilities and was incapable of planning for her children or of effectuating any plans for her children, that case is analogous and suggests a like disposition for this.
It is also unfortunate that this litigation has been so protracted. The hearings before Judge DEMBITZ were held more than a year and a half ago. In the meantime, the status of these unfortunate children has remained in a custodial limbo, and the hapless parent has herself lost her freedom on a Federal criminal charge.
*778 The matter may not be concluded without noting that the agency appears to have been peremptory, even presumptuous, in its assumption of its own rectitude in the handling of what is one of the insoluble problems in a particularly disturbed part of our society. It is understandable but not entirely comforting to observe the agency's early conclusion that the mother was unfit and therefore worth little of limited resources in attempting to foster a proper relation between parent and children. It is this attitude which undoubtedly influenced the majority of the Appellate Division in striking down the Family Court disposition, but ambivalently it permitted a further proceeding and inquiry to determine the best interests of the children. Nevertheless, on balance for the reasons recited earlier the determination of the Family Court Judge, whose vantage point was best, should be followed.
Order reversed, without costs, and order of Family Court, New York County, reinstated in a memorandum.