Fuchsberg, J.
This proceeding was brought in the Family Court by a father to obtain custody of the three children of his marriage to the respondent. After a full trial, the petition was dismissed on the merits and custody continued in the mother. The Appellate Division reversed to the extent of granting custody of the two older children to the father, continuing custody of the youngest in the mother. Both parties appeal.
*702 When the petition was filed the ages of the children were nine, eight and four. The marriage between the parties had come apart about a year earlier. Until then the children had always lived with both parents. Thereafter they lived with the mother pursuant to the custody provisions of a separation agreement. The agreement survived their divorce. By its terms, the father enjoyed generous visitation privileges.
Basically, the father’s petition centered on the fact that the two older children, and more particularly one of them, during the summer vacation visit with him during which this proceeding was initiated, had indicated a preference for not returning to the mother but remaining with the father on a permanent basis. The father lived in an attractive house located in the familiar setting in which the children were being reared before their parents’ marriage broke up. In contrast, the mother, limited in her financial resources, had set up her new home in an adjoining State in a far less commodious, but adequate, apartment.
There is no claim that, when she was first given the children, the mother was not fit for the custodial role which both parents apparently thought it best she assume. Nor does the evidence disclose any serious question but that her fitness continued at all times thereafter. Among other things, it is noteworthy that she demonstrated intelligent concern for and sensitivity to the special educational problems which beset one of the children, that she acted with responsibility and maturity in keeping the father abreast of that situation and that she was punctilious in making the children available for their visits to him. Indeed, the Family Court Judge found that both the father and mother were loving, suitable parents and that, as best he could determine, one was no less fit than the other. Our own examination of the record finds his appraisal to be well supported. The Appellate Division did not suggest the contrary.
As in all custody disputes between divorced parents, the welfare of the children here had to come first (Domestic Relations Law, § 70; Obey v Degling, 37 NY2d 768, 769). And, while the children’s attitudes were to be given consideration, that did not mean that their wishes were to be determinative. The best interests of a child, particularly over the long term, often require the overbalancing of subjective desires by more dependable objective criteria (Dintruff v McGreevy, 34 NY2d 887).
*703 It is a most regrettable, but unfortunately not uncommon, consequence of a marital dissolution for impressionable children of tender years to find themselves beset with the deep emotional conflict of having to choose between fealty to one parent or the other. The expendient-oriented outer choice by which a child may be compelled to respond to such a conflict can hardly be permitted to foreclose the obligation of courts to make the best choice available. Obviously, the minimizing of such pressures on children cannot be accomplished by courts alone. More crucial is a gentle, wise and forbearing attitude on the part of parents, perhaps all the more so when a mother and father continue to be as devoted to their youngsters as do those before us. It is not always easy for divorced parents, in the face of each one’s desire to retain the affection of a child, to blunt rather than, by temporizing, encourage many of the dissatisfactions which children, transitorily and with little objectivity, may experience with regard to the other parent. Needless to say, it would help immeasurably to assure the development and maintenance of the continuing long-term relationships favored by both the law and by modern pediatric psychology if parents co-operate to that end. (Dintruff v Mc-Greevy, supra, p 888; Goldsmith, Freud & Solmit, Beyond the Best Interests of the Child.) As we reiterated in Dintruff (p| 888) "[t]he rearing of a child requires greater stability than ag roller-coaster treatment of custody.”
The Family Court Judge here did not approach these considerations cavalierly. As indicated, he conducted the full trial such issues deserve and require (Obey v Degling, 37 NY2d 768, 770, supra). The record reveals that, as an adjunct to it, he conferred with each of the two older children with apparent insight and circumspection. It was on all the testimony, including those inquiries, as to all of which he had the vantage points for first-hand observation and studied consideration, that he concluded that a change from custody in the mother was not warranted. In matters of this character "the findings of the nisi prius court must be accorded the greatest respect” (Matter of Irene O., 38 NY2d 776, 777). This is all the more so here where, other than the children’s wishes, there was no change of circumstances, especially with respect to the crucial matter of fitness, to justify a modification of the custodial arrangements which the parties themselves had determined was best for these young children. (Aberbach v Aberbach, 33 NY2d 592; Matter of Feldman v Feldman, 45 AD2d 320, 324.)
*704 Since there was no material change of circumstances, there was no foundation for this petition. Certainly the disparity between the creature comforts and amenities which living with the father would bring and those lesser ones provided by the mother did not make for one (Matter of Lang v Lang, 9 AD2d 401, 409, affd 7 NY2d 1029).
Furthermore, the separation of siblings, where, as here, the custodial parent in whose care all three had been entrusted is fit and willing and able to function as such, is to be frowned upon. Close familial relationships are much to be encouraged. By building identity, countering feelings of isolation, and encouraging healthy adjustments to and with others, they provide an important additional dimension to long-term stability. (Obey v Degling, 37 NY2d 768, 771, supra; People ex rel. Borella v Borella, 21 AD2d 871.) It is no surprise that the family has been called "the cradle of personality and character” (Glueck & Glueck, Ventures in Criminology, p 207). A family unit is struck a vital blow when parents divorce; it is struck an additional one when children are separated from each other.
For these reasons, we believe so much of the order of the Appellate Division as granted custody of the two older children to the petitioner should be reversed and the matter remitted to the Oswego County Family Court to effect the return to the mother of the two older children on a date and in a manner that will cause a minimum of dislocation.
Chief Judge Breitel and Judges Jasen, Gabrielu, Jones, Wachtler and Cooke concur.
Order modified, without costs, and the matter remitted to the Family Court, Oswego County, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.