■ In the Matter of DAVID BRAITSCH, Respondent, v ELIZABETH BRAITSCH, Appellant.—Order unanimously affirmed, without costs. Memorandum: In this appeal respondent claims error by the Family Court in awarding custody of two children of the marriage to petitioner. Family Court found both parents to be "fit persons" who are "emotionally mature and financially stable" and declared that "both desire the best interests of the children." Respondent urges that upon these findings, coupled with a proper consideration of her extended custody of the children, public policy demands that the custodial provisions of a prior separation agreement should be enforced. The parties were married in 1966. A daughter was born of the marriage in 1967 and a son in 1969. Following separation in 1972, a separation agreement, granting custody of the children to respondent, was executed in January, 1973. Without recounting the turbulent history of the moving of the children from place to place, we note that in June, 1974 petitioner violated the terms of the separation agreement by retaining custody following a period of visitation and respondent violated a temporary custodial order of the Supreme Court in later taking custody of the children and removing them from the State. Petitioner regained custody shortly thereafter pursuant to a temporary order in California and returned the children to New York State. These and all of the other pertinent facts were before the court in reaching its determination. The primary concern in a custody proceeding is the best interests of the children (Domestic Relations Law, §§ 240, 70; *Matter of Ebert v Ebert,* 38 NY2d 700; *Obey v Degling,* 37 NY2d 768; *Matter of Lincoln v Lincoln,* 24 NY2d 270). Though many factors are to be considered in awarding custody, the children's welfare must come first. Here, there exists a valid separation agreement awarding their custody to respondent. Family Court properly considered that agreement but was not bound by its terms and its discretionary power remained unimpaired *(People ex rel. Wasserberger v Wasserberger,* 42 AD2d 93, affd 34 NY2d 660; *Agur v Agur,* 32 AD2d 16, app dsmd 27 NY2d 643). While neither parent has a prima facie right to custody (Domestic Relations Law, §§ 240, 70), the issue can only be resolved after a full and comprehensive hearing. The rearing of the two children here, impeded by the unilateral acts of each party in derogation either of the agreement or court order, "requires greater stability than a roller-coaster treatment of custody." *(Matter of Ebert v Ebert, supra; Dintruff v McGreevey,* 34 NY2d 887, 888.) It appears that the Family Court Judge undertook his task with strict adherence to the applicable statutory standard. He conducted a full trial, after which he noted that the children were not to be "objects of * * * games * * * to be shuttled back and forth in accordance with the changes of circumstances of the parties." He conferred with the children in the presence of counsel and found them to be "energetic, vivacious, happy and secure." At the time of trial the children had been in the physical custody of petitioner for almost one year. In reaching his determination the Trial Judge noted that he "considered a stable, long lasting, loving and nurtured relationship for the children which will permit them to grow physically, morally and emotion-

ally into adulthood." While the trial court's discretion in these matters is not absolute or uncontrolled *(Bunim v Bunim,* 298 NY 391), its findings must be "accorded the greatest respect" *(Matter of Irene O,* 38 NY2d 776, 777; see, also, *Matter of Ebert v Ebert, supra).* Where the evidence reasonably substantiates the award of custody, the determination should not be disturbed. (Appeal from order of Monroe County Family Court—custody.) Present—Marsh, P. J., Simons, Mahoney, Dillon and Witmer, JJ.