■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. THERESE W., Appellant, v HAROLD J. D., Respondent.—In a habeas corpus proceeding, transferred to the Family Court, the petitioner mother appeals from a judgment of the Family Court, Kings County, dated April 4, 1975, which, after a hearing, denied her petition to change custody of the parties' son. Judgment affirmed, without costs or disbursements. The parties are the parents of a child, born out of wedlock on December 13, 1971, who is the subject of this proceeding. Upon the separation of the parties, the petitioner mother gave the then five-month-old child to the respondent father. She testified that she was obliged to work and could not afford to take care of him financially. In July, 1972 she relinquished custody to the respondent in a formal agreement, which provided that visitation rights would be fixed by the parties. A year later, she consented to the entry of a judgment of the Supreme Court which continued custody in the respondent and granted her visitation rights away from the custodial residence on alternate weekends and during either July or August of each year, beginning with the summer of 1974. In his present home, the child lives with his father and his paternal grandparents, and with an aunt and uncle. On weekdays all members of the family are away from home and the child is taken to a baby sitter from 8 A.M. to 5 P.M. Shortly after the child's visit with petitioner terminated in August, 1974, petitioner married her present husband, who testified that he is able and willing to support both her and the child. She then instituted this proceeding to regain custody on the ground that it would be in the child's best interests to be cared for by his mother in his own home all of the time. The Family Court retained custody in the father on the ground that since the child has resided with his father all of his life, a change of custody should be directed only if the father has been shown to be unfit. The facts were relatively undisputed and the disposition rests entirely on the assessment of the character and temperament of the parties and those related to them and on "their capacity to fulfill responsibilities and not only to intend what they say but to fulfill what they intend" (Matter of Irene O., 38 NY2d 776, 777). Judge Glasser conducted a full trial at which he heard testimony not only of the parties, but also of petitioner's husband and respondent's parents. With the parties' consent, he had the evaluation of the Family Court's psychiatrist and investigative services. In these cases, the findings of the nisi prius court are entitled to the greatest respect (Matter of Irene O., supra; Matter of Ebert v Ebert, 38 NY2d 700). The record clearly supports Judge Glasser's conclusion that respondent is not an unfit parent

and that petitioner is not more fit than is he. Hopkins, Acting P. J., Christ and Titone, JJ., concur; Cohalan, J., dissents and votes to reverse the order, sustain the writ and award custody of the infant to petitioner, with the following memorandum, in which Shapiro, J., concurs: The facts as stated by the majority are fairly set forth. In our view, however, the care and tenderness which can now be lavished on the infant by his mother constitute such a change of circumstance as to warrant the award of custody to her (see *Matter of Houchins v Houchins,* 52 AD2d 570). The appellant is in a position to devote her full time and attention to the child. Conversely, the father works all day and the other adult members of the father's home are also away from the house throughout the usual working hours. The infant is thus left to the ministrations of a baby sitter from eight in the morning until five in the afternoon. Such a program is certainly not conducive to the best interest of the child. The argument that since a 4½-year-old boy has resided all his life with his father the relationship should continue undisturbed, is scarcely a convincing or persuasive one. Children of that age are malleable and, so long as they are treated with love and consideration, can quickly adapt to new and pleasant surroundings.