In the Matter of ROBERTA RUSSO, on Behalf of Infants, KIMBERLY A. RUSSO and Another, Respondent, v VINCENT RUSSO, Appellant.—In a proceeding to determine the custody of the minor children of the parties, Vincent Russo, the father, appeals from a judgment of the Supreme Court, Richmond County, dated March 16, 1977, which, after a hearing, inter alia, ordered that custody of the children remain with the petitioner mother pursuant to the judgment of divorce. Judgment modified, on the law, by deleting from the third decretal paragraph thereof all language commencing with the words "and the following personalty". As so modified, judgment affirmed, without costs or disbursements. The temporary stay contained in the order of this court, dated April 20, 1977, is hereby vacated. Pursuant to the judgment divorcing the parties, dated February 28, 1973, custody of the four children of the marriage was given to petitioner-respondent. In August, 1974, following the commencement of a neglect proceeding brought by the appellant, a stipulation was entered into giving him custody of the children for a period of 18 months so as to allow the mother to finish her education. She graduated from college in May, 1975 and the two older children returned to live with her. In this proceeding she seeks to regain custody of the two younger children. There is ample support in the record for a finding that it is in the best interests of the children to be united (see Matter of

*Ebert v Ebert,* 38 NY2d 700; *Obey v Degling,* 37 NY2d 768). In cases such as this, the decision of the nisi prius court is entitled to "the greatest respect" (see *Matter of Irene O.,* 38 NY2d 776, 777). However, those provisions in the judgment which relate to the items of personalty are without any basis whatsoever in the record. Hopkins, J. P., Martuscello, Margett and O'Connor, JJ., concur.