## (January 27, 1978)

■ In the Matter of CARMINE D'ALESSANDRO, Respondent, v IRIS PARISI, Also Known as D'ALESSANDRO, Appellant.—In a custody proceeding, the

appeal is from an order of the Family Court, Queens County, dated April 15, 1977, which, after a hearing, *inter alia,* awarded custody of the infant child of the marriage to the petitioner father. Order reversed, on the law and the facts, without costs or disbursements, custody of the child is awarded to the appellant mother and the proceeding is remitted to the Family Court for a determination of (1) visitation rights to be granted to the petitioner and (2) the appellant's application for an upward modification of child support. The parties were married on February 24, 1968 and the child who is the subject of this proceeding was born on December 4, 1969. In November, 1970 the parties entered into a separation agreement which provided that custody would be with the appellant mother. The agreement was thereafter incorporated into a foreign decree of divorce. In October, 1976, after having remarried and set up a new home, the father sought custody of the child. A review of this record reveals that the mother is neither unfit, nor less fit for custody than is the father. A caseworker for the Bureau of Child Welfare of the Department of Social Services, who had investigated a complaint by the father that the mother neglected the child, testified that there was no evidence of neglect and that the mother was providing adequate care for the child. In addition, he described the mother-child relationship as being "very warm". A court-affiliated psychologist, who spoke with all of those involved, including the child, testified that although both parents were capable of caring for the child, the father's emotional responsiveness to the child was somewhat limited. He further stated that the father's second wife, who would have the primary responsibility of caring for the child if the father was given custody, appeared resentful of that responsibility. In the light of the long-term custody in the mother, it was error for the Family Court to switch custody to the father (see *Matter of Nierenberg v Nierenberg,* 43 AD2d 717, affd 36 NY2d 850; *Aberbach v Aberbach,* 33 NY2d 592). We recognize that the father would probably be able to provide a more physically comfortable home; however, "the disparity between the creature comforts and amenities which living with the father would bring and those lesser ones provided by the mother" is not a sufficient basis for a change of custody (see *Matter of Ebert v Ebert,* 38 NY2d 700, 704). Since the Family Court did not pass upon the merits of appellant's application for an upward modification of child support, this proceeding is remitted to that court for such a determination. Martuscello, J. P., Damiani, Titone and Shapiro, JJ., concur.