■ In the Matter of THOMAS SHEPARD, Appellant, v JUDY V. SHEPARD, Respondent.—Appeal from an order of the Family Court of Chemung County, entered February 26, 1979, insofar as the order awarded custody of the parties' infant daughter to the mother. The sole issue raised upon this appeal is whether or not the Family Court erred as a matter of law in considering a change in its prior order of joint custody upon proceedings alleging a violation of such prior order as to visitation. The petition instituting this proceeding specifically referred to the prior order granting joint custody to the parties and such prior order was clearly intended to be temporary only. Since the present petition dealt with visitation and implicitly with the exercise of custody by the parties upon its face, the issue of joint custody was properly before Family Court, and it did not exceed its powers in granting custody to the respondent upon the terms and conditions set forth in the order. Order affirmed, without costs. Greenblott, J. P., Sweeney, Main and Herlihy, JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum.

Mikoll, J. (dissenting). I respectfully dissent. Respondent appeared in Family Court in response to a contempt of court proceeding initiated by the petitioner, who alleged that respondent infringed on his joint custodial rights relating to the litigants' three-year-old daughter. Joint custody had been granted to the parties initially by a stipulation entered into by them and then incorporated into a Family Court order on July 20, 1978. The stipulation involved the parties' agreement on support, disposition of assets and child custody and visitation. Thereafter, on August 15, 1978, a dual judgment of divorce was granted to each party. The divorce decree, issued by the Supreme Court in Chemung County, incorporated the stipulation, including joint custody. Further questions on custody, support and visitation were referred to the Family Court. The question of custody as between the parents is controlled by the stipulations entered between them and incorporated in the divorce decree. Absent changed circumstances, there should be no change *(Matter of Ebert v Ebert,* 38 NY2d 700). There was nothing adduced in the proceeding to justify a modification of joint custody arrangements which the parties themselves deemed best for the child *(Aberbach v Aberbach,* 33 NY2d 592). On January 2, 1979, the Family Court held a hearing in the contempt proceeding brought by the petitioner father. Although the question of continuing of joint custody was not raised in the proceeding by either party, the Family Court, *sua sponte,* terminated the prior order of joint custody and awarded the respondent sole custody. It is a well accepted rule that a determination on the issue of custody should only be made after a full plenary hearing and inquiry *(Obey v Degling,* 37 NY2d 768). The petitioner in the instant matter was never accorded an opportunity to have a hearing on the issue of custody, and the matters to be addressed on a change of custody were never reached in the proceeding. The order should be reversed, so as to provide that custody of the child shall continue as settled in the divorce decree.