■ In the Matter of KATALAN PFEIL, Respondent, v KARL PFEIL et al., Appellants. — Appeal from an order of the Family Court of Sullivan County (Hanofee, J.), entered January 27, 1981, which awarded custody of the infant Cynthia Pfeil to petitioner. Married in 1976, Katalan and John Pfeil were separated in 1979. Two children were born to the marriage. Petitioner Katalan Pfeil has custody of the younger child, John, Jr. At issue is the custody of the older child, Cynthia. Since her birth in 1978, Cynthia has resided with her paternal grandparents, respondents Karl and Gizella Pfeil. The parents consented to this arrangement because it enabled petitioner to work. During this period, they visited Cynthia often. When the couple separated in 1979, Cynthia continued to live with the grandparents, but petitioner began to encounter resistance in her attempts to visit her. The grandparents became increasingly possessive, refusing to let petitioner take the child from their home, even on Christmas, Easter and on the child's birthday, and the husband refused to intervene. Petitioner then brought this proceeding to determine custody. Because the father acknowledged that if awarded physical custody of Cynthia he would allow her to remain with his parents, the Family Court concluded that the real parties opposing the petition were the grandparents and not the father, and awarded custody to petitioner. We affirm. Only one of the natural parents is really seeking custody and there are no extraordinary circumstances present which would justify awarding custody to someone other than the natural mother (cf. *Matter of Bennett v Jeffreys,* 40 NY2d 543). Moreover, the Family Court was properly reluctant to separate the siblings, particularly in view of the open hostility of the grandparents *(Matter of Ebert v Ebert,* 38

NY2d 700). It is also not without significance that the father did not cross-petition for custody of Cynthia or of the son John, thus lending support to the conclusion that petitioner is a fit parent. Order affirmed, without costs. Mahoney, P. J., Kane, Yesawich, Jr., Weiss and Herlihy, JJ., concur.