# FIRST DEPARTMENT, FEBRUARY, 1982

## (February 2, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE C. SCHUSSLER, Appellant, v EILEEN SCHUSSLER, Respondent. — Order, Supreme Court, New York County (Stecher, J.), entered September 11, 1981, which denied petitioner's motion to modify a prior order of the court (Gomez, J.), entered March 31, 1981, denying petitioner's habeas corpus proceeding which sought the immediate return of the parties' daughter Miriam, unanimously modified, on the law and in the exercise of discretion, to remand the matter to Stecher, J., to effect an orderly return of the child to the respondent mother on a date and in a manner that will cause a minimum of dislocation to the child, and, as so modified, affirmed, without costs and disbursements. The Court of Appeals aptly stated in *Matter of Ebert v Ebert* (38 NY2d 700, 703): "It is a most regrettable, but unfortunately not uncommon, consequence of a marital dissolution for impressionable children of tender years to find themselves beset with the deep emotional conflict of having to choose between fealty to one parent or the other * * * It is not always easy for divorced parents, in the face of each one's desire to retain the affection of a child, to blunt rather than, by temporizing, encourage many of the dissatisfactions which children, transitorily and with little objectivity, may experience with regard to the other parent. Needless to say, it would help immeasurably to assure the development and maintenance of the continuing long-term relationships favored by both the law and by modern pediatric psychology if parents co-operate to that end. (*Dintruff v McGreevy* [34 NY2d 887, 888]; Goldsmith, Freud & Solmit, Beyond the Best Interests of the Child.) As we reiterated in *Dintruff* (p 888) '[t]he rearing of a child requires greater stability than a roller-coaster treatment of custody.'" After a preliminary hearing on petitioner's original habeas corpus petition, Special Term made preliminary findings of fact and conclusions of law and provided with precision for the residences of the parties' six children, their temporary custody, visitation and the like. It was determined that the four older children would continue to reside with their father, petitioner herein, and that the two younger children (Miriam and her baby brother) would reside with their mother. Petitioner appealed from this order of Special Term entered March 31, 1981. We denied his motion for a stay of said order pending appeal and petitioner subsequently failed to perfect his appeal. Petitioner's later motion to modify Special Term's order entered March 31, 1981, was precipitated when Miriam, who is eight years old, telephoned her father on August 27, 1981, and told him that she was taking the train from Port Washington, where she resided with her mother and two- and one-half year-old brother, to New York, and asked him to pick her up which he did. Special Term in its

* Not published with other decisions of October 22, 1981, 84 AD2d 518 [Rep.

memorandum decision determining petitioner's motion to modify and obtain temporary custody of Miriam declared in pertinent part: "I have interviewed the child and she has expressed some desire to reside with her father. The reasons given * * * involved classmates at school * * * I think it important to illustrate here that an 8 year old child must not be permitted to make such decisions even though, depending upon their stages of maturity, they are entitled to a careful hearing. I find that nothing of significance has occurred since [Special Term's] order of March 31, 1981 * * * [P]etitioner's motion is denied." Directed by this order denying his motion to modify, entered September 11, 1981, to return Miriam to her mother within two days, petitioner appealed and this time successfully obtained a stay by this court. On this record and according the respect due the findings of the nisi prius court which had the vantage of first-hand observation and studied consideration, we find no abuse of discretion or legal error in Special Term's refusal to modify the prior order entered March 31, 1981, so as to transfer temporary custody of Miriam from her mother to her father. There was no change of circumstances, other than the child's wish, especially with respect to the crucial matter of fitness to justify a modification of the custodial arrangement theretofore directed by Special Term. Indeed the child's wishes were closely examined into by Justice Stecher. However, the problem has been exacerbated in that Miriam has now been with her father since the middle of September, 1981 and is in the midst of a school term. Accordingly, in the interest of a sound solution, having in mind the best interests of the child, we have determined to modify Special Term's order entered September 11, 1981, solely to the extent of remanding the matter back to Special Term to effect an orderly return of Miriam to her mother with a minimum of dislocation to the child. We do this in full recognition of the dictate that "a roller-coaster treatment of custody" is to be avoided. Concur — Murphy, P. J., Birns, Sullivan, Lupiano and Bloom, JJ.