Chief Judge Cooke
(concurring). I agree with the majority that this case should be remitted to the Family Court *75 for a new hearing because the Department of Social Services failed to establish by clear and convincing evidence that the mother had failed to maintain contact with her children or plan for their future.
Inasmuch as the case can be disposed of on this ground, there is no reason to reach out to determine whether the holding of the Supreme Court in Santosky v Kramer (455 US 745) requires a new hearing in every case that was determined under the lower evidentiary standard applied before Santosky.
As the majority has addressed the issue, however, I must express my disagreement with its conclusion. As this court has observed, in a proceeding to terminate parental rights, “which turns almost entirely on assessments of the credibility of the witnesses and particularly on the assessment of the character and temperament of the parent, the findings of the nisi prius court must be accorded the greatest respect” (Matter of Irene O., 38 NY2d 776, 777). In such cases, “the assessment is of persons, character, and their capacity to fulfill responsibilities and not only to intend what they say but to fulfill what they intend” (id.). To determine whether the new criteria established by Santosky have been met, it is crucial that the fact finder directly observe the various witnesses, rather than merely read the transcript of proceedings conducted in some other court.
A proceeding to terminate parental rights involves the State’s intrusion into the most fundamental and private of social bonds — that of the family. The warmth and complexity of such relationships should not be assessed against the typed words of a cold record.
Judges Jasen, Jones, Wachtler and Meyer concur in Pet Curiam opinion; Chief Judge Cooke concurs in a separate opinion in which Judge Fuchsberg concurs; Judge Simons taking no part.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order reversed, without costs, and matter remitted to Family Court, Broome County, for further proceedings in accordance with the opinion herein.