## SECOND DEPARTMENT, MAY, 1983

### (May 2, 1983)

▊ RICHARD ANSTETT, Appellant, v GAIL P. WOLCOTT, Formerly Known as GAIL P. ANSTETT, Respondent. — In a custody proceeding, the plaintiff father appeals from (1) an order of the Supreme Court, Westchester County (Martin, J.), dated June 11, 1982, which vacated a temporary stay prohibiting the defendant mother from removing the parties' children from Dutchess County, and (2) an order of the same court dated June 25, 1982, which denied plaintiff's application (a) for an injunction, prohibiting the defendant from removing the parties' children from Dutchess County, (b) for custody of the parties' children and (c) to reduce or suspend his obligation of support. Appeal from the order dated June 11, 1982 dismissed, without costs or disbursements. Said order was superseded by the order dated June 25, 1982. Order dated June 25, 1982 reversed, without costs or disbursements, and matter remitted to Special Term for the purpose of (1) holding a hearing at which testimony should be taken with respect to the circumstances surrounding defendant's geographic move and plaintiff's visitation rights, and (2) making a determination on the basis of proof adduced at such hearing. The primary concern in a custody proceeding is the best interests of the children (Domestic Relations Law, §§ 240, 70; *Matter of Ebert v Ebert,* 38 NY2d 700; *Obey v Degling,* 37 NY2d 768). Inasmuch as neither parent has a prima facie right to custody (Domestic Relations Law, §§ 240, 70), the issue of custody can only be resolved after a full and comprehensive hearing (see *Matter of Braitsch v Braitsch,* 52 AD2d 1073). Thompson, J. P., O'Connor, Brown and Rubin, JJ., concur.