■ STATE ex rel. DARLENE K. B. HATHAWAY, Respondent, v RONALD L. BAKER, Appellant. — In a habeas corpus proceeding, the father appeals from a judgment of the Supreme Court, Suffolk County (Doyle, J.), dated March 20, 1984, which, after a hearing, *inter alia,* sustained the writ and directed that the petitioner mother have custody of the parties' child. ¶ Judgment reversed, without costs or disbursements, and matter remitted to the Supreme Court, Suffolk County, for a new hearing and further proceedings consistent herewith, which shall be commenced no later than July 30, 1984, before a Justice other than the one who presided at Special Term. In the interim, custody of the child shall remain with the father. ¶ The parties were married in December, 1970 and divorced in 1977. The judgment of divorce provided, *inter alia,* that custody of the only child of the marriage, a son, who will be 12 on July 16 of this year, be awarded to the petitioner mother. However, both parties agree that the child has lived in this State with his father since some time prior to entry of the judgment of divorce in May, 1977, a period of some seven years, or over half of the child's lifetime. ¶ The instant custody proceeding was brought on by writ of habeas corpus returnable January 16, 1984 based upon the application of the petitioner mother. The father was served with the writ at about 11:20 A.M. on the return date and promptly appeared at Special Term, the child having been produced by the Sheriff's office pursuant to a warrant. The court recessed until 2:00 P.M. that day to permit the father time to secure counsel, at which time a hearing on the issue of custody was held, testimony being adduced from the father and mother. The transcript of that hearing, including the court's decision, consists of some 66 pages. ¶ At the hearing, the petitioner mother, a resident of Maryland, acknowledged that the child had last lived with her when he was four years old, and offered no testimony with respect to any efforts on her behalf to contact her son since 1979. Further, while the record contains contradictory testimony by the parties as to how the father initially obtained custody of his son, the record is bereft of any prior application in court by petitioner for enforcement of the custody provision of the judgment of divorce, despite the fact that until 1980, the father resided with the parties' son in the marital apartment. At the conclusion of the hearing, Special Term awarded custody of the child to the mother, finding that she had neither waived nor abandoned her right to custody as granted by the 1977 judgment of divorce, and thereafter conducted a short *in camera* interview with the child. We reverse. ¶ The paramount concern in any custody proceeding is the best interests of the child (Domestic Relations Law, §§ 70, 240; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 95; see, also, *Eschbach v Eschbach,* 56 NY2d 167, 171; *Matter of Nehra v Uhlar,* 43 NY2d 242, 248; *Obey v Degling,* 37 NY2d 768). Further, inasmuch as neither parent has a prima facie right to custody (Domestic Relations Law, §§ 70, 240),

the determination of any issue as to custody can only be resolved after a full and comprehensive hearing (*Anstett v Wolcott,* 94 AD2d 692) and a careful analysis of the applicable factors to be considered in determining where the child's best interests lie (see, e.g., *Eschbach v Eschbach, supra,* pp 171-174; *Matter of Saunders v Saunders,* 60 AD2d 701). While weight is to be accorded a prior disposition as to custody (see *Eschbach v Eschbach, supra,* pp 171-174), extraordinary circumstances no longer constitute a prerequisite for modification of a custody award (*Feltman v Feltman,* 99 AD2d 540). ¶ Based upon the record before this court, it is clear that the abbreviated hearing held constituted an insufficient basis for the court to form an opinion, founded upon reason and a close analysis of the totality of the circumstances, and a weighing of all relevant factors, as to what custody disposition was in the child's best interests. Accordingly, the judgment appealed from should be reversed and the matter remitted for a full and prompt new hearing and determination as to custody. The child shall remain with the father in the interim. This court is particularly concerned that the matter be disposed of promptly and prior to the commencement of the school year in the autumn and to that end, has set a date certain. The hearing on the matter should begin no later than that date. Thompson, J. P., Bracken, Boyers and Lawrence, JJ., concur.