In the Matter of MARK ESTES, Appellant-Respondent, v CHERYL A. ESTES, Respondent-Appellant.—Levine, J. Cross appeals from an order of the Family Court of Rensselaer County (Reeves, J.), entered October 9, 1984, which, *inter alia,* awarded custody of Joshua M. Estes to petitioner and custody of Tanya A. Estes to respondent.

Petitioner and respondent were married in Hoosick Falls, Rensselaer County, on August 20, 1976. They are the parents of two children; Joshua, born March 17, 1977, and Tanya, born March 1, 1978. In May 1980, the family moved to the State of Florida. There, on December 4, 1981, petitioner and respondent were divorced; the decree incorporated an agreement vesting custody of the children in respondent.

In 1983, all four of the Estes moved to Colorado with respondent retaining custody of the children. In January 1984, petitioner, with respondent's consent, took the children to visit his parents in Hoosick Falls. There, he enrolled them in school and petitioned Family Court for their exclusive custody. By order of Family Court dated February 1, 1984, Joshua was directed to reside with petitioner, pendente lite, and Tanya was to reside with respondent (who had resumed living in Hoosick Falls). Following a hearing, Family Court granted permanent custody of Joshua to petitioner and permanent custody of Tanya to respondent, and forbid either party from removing the children from the County without the court's permission. These cross appeals ensued.

It is the contention of both parties that it was against the best interests of the children to separate them. Each parent wants custody of both children.

Generally, the separation of siblings is discouraged (*see, Matter of Ebert v Ebert,* 38 NY2d 700, 704). However, when it is clear that "the best interests of each child lies with a different parent, a split custody decree is proper" (*Wurm v Wurm,* 87 AD2d 590, 591, *appeal dismissed* 56 NY2d 886). Further, when Family Court's decision is justified by the evidence adduced before it, this court has been reluctant to substitute its evaluation of such necessarily subjective data for that of the trial court (*Eschbach v Eschbach,* 56 NY2d 167, 173). This is especially true in a case such as the instant one, where the parties' testimony is both self-serving and conflicting (*see, Matter of Van Dyck v Van Dyck,* 97 AD2d 909).

Here, the record is replete with accusations by each party

as to the unfitness of the other as a parent. However, it was the opinion of the social worker assigned to the case that both parents were fit and that the children were doing well in the current split custody situation under the temporary order. It was her further opinion that Joshua had a strong attachment to his father, while Tanya was similarly strongly attached to her mother. She concluded that it would be in the children's best interest if the separate custody arrangement was continued, particularly with both parents remaining in the area so that liberal visitation would be available. The investigating probation officer, who had interviewed petitioner and respondent and had visited their respective homes, echoed this professional judgment. Finally, the children themselves communicated to Family Court and the social worker their desire to continue the current custody situation. On this record, we conclude that the facts support Family Court's decision in this difficult case (*see, Eschbach v Eschbach, supra,* p 173).

We decline the parties' request to modify that part of Family Court's order which provided that they may not remove the children from Rensselaer County without court permission. They have submitted no justification for a change in this valid provision. Any application for removal of a child from the County should be addressed to Family Court so that a hearing may be held to determine the advisability of such a move.

Order affirmed, without costs. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.