■ In the Matter of DALE ROBERTS, Appellant, v DEBORAH ROBERTS, Respondent.—Main, J. Appeal from an order of the Family Court of Hamilton County (Intemann, Jr., J.), entered November 26, 1984, which denied petitioner's application, in a proceeding pursuant to Family Court Act article 6, seeking a change in the custody of the parties' children.

The parties were married on June 28, 1969. Lisa, born December 1, 1969, Jennifer, born July 18, 1972 and Dale, born October 6, 1974, are the issue of that union. The parties separated in July 1978 and, pursuant to an agreement and the terms of a decree of divorce, respondent has had continuous custody of the children. Petitioner filed a petition in Family Court for a change of custody in 1984, contending that a change in circumstances and the desire of the children to live with him warranted such action. After a hearing, Family Court determined that custody should remain with respondent. Petitioner appeals, asserting that the decision is not supported by the record and that the wishes of the children were ignored, as were their best interests.

Perusal of the record in this case leads us to conclude otherwise. Such a reading reveals that Family Court took into consideration and weighed the factors and policies designed not to bind the courts, but to guide them in determining what is in the best interests of the children (see, Friederwitzer v Friederwitzer, 55 NY2d 89, 93-95). While the desires of the children are a factor to be explored, they should not be considered determinative (Eschbach v Eschbach, 56 NY2d 167, 173; Matter of Ebert v Ebert, 38 NY2d 700; Dintruff v Mc-Greevy, 34 NY2d 887, 888). The home atmosphere of the respective homes is comparable. Petitioner's considerably

more expensive quarters reflects his superior financial position. It appears that this superior financial position may well have been substantially contributed to by petitioner's apparent failure to pay over one half of the amount that he was ordered to pay for support.

The Law Guardian recommended that custody of the children continue to be with respondent. The agencies involved cite no reason for a change in custody. In matters of this character, "the findings of the nisi prius court must be accorded the greatest respect" *(Matter of Irene O., 38 NY2d 776, 777).* Considering the totality of the circumstances, as revealed by this record, we find no reason or right to counter the finding at bar.

Order affirmed, with costs. Mahoney, P. J., Main, Casey, Weiss and Yesawich, Jr., JJ., concur.