■ In the Matter of RANGARAJ K. SETLUR, Respondent, v USHA N. SETLUR, Appellant.—Kane, J. P. Appeal from an order of the Supreme Court (Harlem, J.), entered September 11, 1986 in Otsego County, which partially granted petitioner's application, in a proceeding pursuant to Domestic Relations Law § 240, for custody of the parties' two children and for residence of them with petitioner.

Petitioner and respondent were married in India in 1975 and moved to Illinois in 1977 to study medicine. They had two children, Vikram born in 1981 and Jennifer born in 1980. In June 1984, the family moved to the City of Oneonta, Otsego County, where petitioner, an anesthesiologist, worked in a hospital and respondent, a pediatrician, worked at a State University health center.

On February 21, 1985, the parties entered into a separation agreement stating, in part, that the parties were to have joint custody of Vikram and Jennifer, that respondent would provide the children's primary residence, and that petitioner would have "liberal visitation" rights. Since respondent wished to move to another house in Oneonta, the parties entered into a contract, dated April 4, 1985, in which petitioner agreed to help respondent buy and maintain a house. Four days later, however, respondent left New York with the children and returned to Illinois. Petitioner hired a private investigator and located the children a few weeks later.

Before finding the children, and during the pendency of the divorce action, petitioner obtained an order to show cause on April 19, 1985 granting him temporary custody of the children until Supreme Court could resolve the issue of permanent custody. On May 20, 1985, pursuant to a renewed application by petitioner, Supreme Court continued the April 19, 1985 temporary order. Although respondent had previously challenged Supreme Court's jurisdiction, she appeared on July 10, 1985 and stipulated that she withdrew "her objections to the jurisdiction of this court". The July 10, 1985 order divorcing the parties also incorporated some terms of the separation agreement, giving the parties joint custody with respondent providing the children's primary residence in Illinois and petitioner having "liberal visitation". Supreme Court expressly retained jurisdiction, stating that "either party may, at the end of one year from this date, apply to this Court for a

modification of the provisions of child support and maintenance".

In May 1986, respondent petitioned the Circuit Court of Cook County, Illinois, for registration of Supreme Court's July 10, 1985 order (see, Domestic Relations Law § 75-p), for restrictions on petitioner's visitation rights, and for an order requiring petitioner to post bond in connection with visitation. Respondent received an "Ex Parte Order of Protection" from the Illinois court. In July 1986, petitioner brought this proceeding in Supreme Court to modify the July 10, 1985 order to transfer custody and the responsibility for the children's primary residence from respondent to petitioner. On August 8, 1986, the Illinois court extended its May 1986 restraining order and also enjoined any further proceeding in Supreme Court. Respondent also moved to dismiss petitioner's proceeding in Supreme Court for lack of jurisdiction.

Supreme Court proceeded with its scheduled hearing on August 25, 26 and 29, 1986 to resolve the issue raised in the petition, namely, custody of Vikram and Jennifer. Supreme Court assumed jurisdiction, heard testimony from the parties and two witnesses and interviewed the children in camera. Supreme Court decided to continue joint custody, but gave petitioner the right to provide Jennifer's primary residence; Vikram remained with respondent. Supreme Court also denied respondent's motion to dismiss. This appeal by respondent ensued.

Respondent claims that Supreme Court did not have jurisdiction of this matter. This contention is without merit (see, Domestic Relations Law § 75-d [1] [b]). Pursuant to Domestic Relations Law § 75-d (1) (b), exercising jurisdiction in this case is clearly within the children's best interests because the children and the parents have a significant connection with New York and substantial evidence regarding the children's welfare is in New York (see, Charpentier v Charpentier, 98 AD2d 740, 741, appeal dismissed 62 NY2d 804; Jefferson v Downs, 107 Misc 2d 852, 855; Matter of William L. v Michelle P., 99 Misc 2d 346, 351). In addition to having jurisdiction under the Domestic Relations Law, respondent had withdrawn any jurisdictional objection in July 1985, and Supreme Court had expressly retained jurisdiction for a future modification. Finally, contrary to respondent's contention, New York is a convenient forum (see, Domestic Relations Law § 75-h).

Turning to the merits, this is a very troublesome case since New York, for logical reasons, discourages the separation of

siblings *(Matter of Ebert v Ebert,* 38 NY2d 700). In this regard, only when "the best interests of each child lies with a different parent [is] a split custody decree * * * proper" *(Wurm v Wurm,* 87 AD2d 590, 591, *appeal dismissed* 56 NY2d 886). After conducting a careful review of the present record, we are unable to find that the record adequately supports Supreme Court's decision. The only evidence indicating that split custody is appropriate is Jennifer's expressed desire to live with petitioner. In our opinion, this alone does not justify the separation of the children *(see, Matter of Ebert v Ebert, supra).* The instant record provides very little insight into the best interests of the children yet details ad nauseam the petty acrimony that exists between the parties to the detriment of their children. However, since the record reveals several instances of irresponsible conduct by each party, we are unable to conclude without further evidence what the proper disposition of this matter should be *(cf., Daghir v Daghir,* 56 NY2d 938). Accordingly, we remit the matter to Supreme Court for further proceedings. In conducting further proceedings, Supreme Court should consider the appointment of a guardian ad litem and having further evaluations conducted by the clinical psychologist, whose letter of September 2, 1986 provides little insight into the parents' capabilities or the best interests of the children.

Order reversed, on the law and the facts, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent herewith. Kane, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.