■ PINHAS FRIEDENBERG, Respondent-Appellant, v HELENA FRIEDENBERG, Also Known as HELENA ROSENWASSER, Appellant-Respondent.—In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her notice of appeal and brief, from so much of a judgment of the Supreme Court, Kings County (Spodek, J.), entered August 27, 1985, as, after a nonjury trial, (1) granted the plaintiff husband a divorce on the ground of cruel and inhuman treatment by the defendant wife; (2) awarded the defendant maintenance of only $75 per week for six months from the date of the signing of the judgment, $50 per week for the next 30 months and $35 per week for the next three years, and child support of only $120 per week except for four summer weeks spent by the child with the plaintiff, until the parties' infant child reaches majority or becomes emancipated; (3) awarded the plaintiff

one half of the defendant's share in the property located at 1746 Ocean Avenue, Brooklyn, amounting to $32,500 with interest from the date of entry of the judgment; (4) awarded the defendant a portion of the plaintiff's pension without determining its value; (5) ordered that the marital residence be sold (a) when the infant child reaches majority or becomes sooner emancipated or (b) if the defendant remarries or shares the marital residence with another person; (6) failed to distribute the plaintiff's life insurance or direct its continuance; (7) held that should the defendant fail to comply with visitation orders or demonstrate an unwillingness to act in the child's best interests, the court would entertain an application for a change of custody; (8) failed to require the plaintiff to comply with Domestic Relations Law § 253; (9) awarded the defendant the sum of only $2,250 for counsel fees; and (10) failed to ascribe any value to the collectibles business of the plaintiff; and cross appeal by the plaintiff from the same judgment.

Ordered that the cross appeal is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law and the facts and as a matter of discretion, by (1) deleting from the second decretal paragraph thereof all words beginning with the phrase "The marital premises shall be sold" and ending with the phrase "with another person" and substituting therefor: "The marital premises shall be sold if the defendant remarries or when Amanda, the parties' child, is emancipated or reaches her majority, whichever occurs first, and the net proceeds from the sale of the marital home shall be divided as follows: the defendant shall be credited with the amounts paid by her on the mortgage for payments due and owing after August 27, 1985, whereupon the remainder of the proceeds shall be divided between the parties equally"; (2) deleting from the third decretal paragraph thereof the phrase beginning with the words "Should the defendant fail to comply" and ending with the words "an application for a change of custody"; (3) deleting from the eighth decretal paragraph thereof the provision awarding the plaintiff a one-half share of the property located at 1746 Ocean Avenue, with interest, and substituting therefor a provision awarding the plaintiff one quarter of the defendant's share in said property or $16,250, without interest; (4) deleting from the second subparagraph (a) of the eighth decretal paragraph thereof the phrase "or residing with someone in said marital residence" and (5) adding a provision thereto directing the plaintiff to serve and file a sworn statement that, to the best of his knowledge, he has

taken all steps solely within his power to remove all barriers to the defendant's remarriage following the divorce; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the transfer of any money or property to the plaintiff is stayed until the plaintiff files a sworn statement that, to the best of his knowledge, he has taken all steps solely within his power to remove all barriers to the defendant's remarriage following the divorce.

The record reveals no reason to disturb the court's finding of cruel and inhuman treatment, based as it was on an assessment of credibility (see, Domestic Relations Law § 170 [1]; D'Amato v D'Amato, 96 AD2d 849).

The trial court's inclusion in the third decretal paragraph of its judgment of language pertaining to its willingness to entertain an application for a change of custody was unnecessary. The parties have the right to bring applications to resolve future custody disputes should they deem it necessary to do so.

We find that the court properly considered and applied the provisions of Domestic Relations Law § 236 (B) with regard to the equitable distribution of the parties' assets except that upon the sale of the marital residence, the net proceeds of the sale shall be divided as follows: the defendant shall be credited with the amounts paid by her on the mortgage, which payments were due and owing after August 27, 1985, whereupon the remainder of the proceeds shall be divided between the parties equally (see, Miller v Miller, 128 AD2d 844). Moreover, the award of interest on the plaintiff's share of the Ocean Avenue property was excessive. While we find incredible the defendant's assertion that her relationship to the Ocean Avenue property was simply that of an accommodation endorser, we deem the trial court's allocation to the plaintiff of a one-half interest in this particular asset to have been excessive as well. It appears from the record that marital assets were used to contribute to the purchase price of that property, that the plaintiff obligated himself by signing the mortgage and that the defendant's name appeared on the deed when the property was purchased. This was clearly neither a gift nor separate property. Rather, the circumstances are more clearly indicative of an investment made by the parties in the hope that the value of the subject property would increase over time. However, by imposing a nominally equal division of the proceeds which might someday be realized from a sale of the Ocean Avenue property but failing to consider the income tax impact of such a determination, the court failed to achieve an equit-

able distribution. To achieve that result, we award the plaintiff a one-quarter share in the Ocean Avenue property, without any interest.

The requirement that the marital residence be sold if the defendant shares it with another person was improper and that factor should not entitle the plaintiff to force a sale of the residence *(see, Matter of Bliss v Bliss,* 66 NY2d 382).

We further find that, under the circumstances, the awards of maintenance, child support and counsel fees were reasonable.

In view of the fact that it is the husband who seeks a judgment of divorce, we deem it reasonable to require a statement from him in compliance with Domestic Relations Law § 253 (3) to remove any religious barriers to the wife's remarriage. Until he complies with Domestic Relations Law § 253 (3), he should not receive any benefits under the divorce judgment. Therefore, the transfer of any property or money to the plaintiff pursuant to the judgment is stayed pending his compliance. Lawrence, J. P., Weinstein, Rubin and Kooper, JJ., concur.