■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. NEOPTOLEMOS CLEOPA, Respondent, v CHRYSANTHE PETRAS, Appellant.—In a habeas corpus proceeding, the mother appeals from so much of an order of the Supreme Court, Queens County (Zelman, J.), entered March 6, 1987, as directed that custody would be transferred from the mother to the father in the event that the mother failed to comply with the visitation provisions contained in a previous order.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, and the third decretal paragraph thereof is deleted.

We find that the Supreme Court improperly directed that the petitioner father would be awarded custody of the parties' child in the event the mother failed to abide by the visitation provisions contained in a previous order. While a court may award custody of a child to either parent "for such time, under such regulations and restrictions, and with such provisions and directions, as the case may require" *(see,* Domestic Relations Law § 70), a court should not utilize its power over custody as a means to control or regulate the future acts of a particular party *(see, Friedenberg v Friedenberg,* 136 AD2d 593).

Since the court, in the instant case, essentially "threatened" to transfer custody of the child to the father, without the benefit of a full and comprehensive hearing and without due regard for the best interests of the child, the order must be reversed insofar as appealed from *(see, Mosesku v Mosesku,* 108 AD2d 795; *State ex rel. Hathaway v Baker,* 103 AD2d 762; *Anstett v Wolcott,* 94 AD2d 692). Kunzeman, J. P., Eiber, Kooper and Harwood, JJ., concur.