■ In the Matter of MICHAEL BILODEAU, Appellant, v LAURIE A. BILODEAU, Respondent. (And Another Related Proceeding.)—Harvey, J. Appeal from an order of the Family Court of Cortland County (Mullen, J.), entered June 28, 1989, which, in proceedings pursuant to Family Court Act article 6, awarded custody of Michael Bilodeau and Matthew Bilodeau to petitioner and custody of Brandi Bilodeau to respondent.

The parties were married in August 1980 and have three children; Michael, born May 1, 1981, Matthew, born March 26, 1984, and Brandi, born May 5, 1987. Marital disharmony ultimately resulted in respondent leaving or being asked to leave the marital residence in August 1988. Petitioner immediately petitioned Family Court for custody of the children and respondent then cross-petitioned the court for the same relief. A temporary custody/placement order of the court granted joint custody of the children to the parties with temporary physical placement granted to petitioner. Liberal visitation was granted respondent.

A full fact-finding hearing was then held. Both parties detailed their strong attachment to the children and described their living arrangements. Petitioner lived in a three-bedroom house. His mother moved in with him to help with the caring for the children and housekeeping. Respondent purchased a three-bedroom trailer 1½ miles from petitioner's home. Also testifying at the hearing were petitioner's mother and respondent's father, the eldest child's first-grade teacher, the children's tutorial outreach tutor and the children's former babysitter. Following submission of all testimony, Family Court continued joint custody but granted permanent physical custody of Michael and Matthew to petitioner and permanent physical custody of Brandi to respondent. Petitioner thereafter filed an appeal and this court stayed Family Court's order pending the outcome of this appeal.

Initially, petitioner argues that it was against Brandi's best interest for Family Court to separate her from her siblings. In general, the courts of this State discourage the separation of siblings *(see, Matter of Setlur v Setlur,* 135 AD2d 873; *see also, Eschbach v Eschbach,* 56 NY2d 167; *Matter of Ebert v Ebert,* 38 NY2d 700).* Accordingly, a split custody decree is only proper when "the best interests of each child lies with a different parent" *(Wurm v Wurm,* 87 AD2d 590, 591, *appeal dismissed* 56 NY2d 886). After a careful review of the record in this case, we find insufficient grounds to disturb Family Court's exercise of discretion in this very difficult case.

Specifically, we note that although the parties' testimony contains the self-serving and conflicting testimony and accusations that unfortunately are typical in these cases *(see, Matter of Estes v Estes,* 112 AD2d 568), the record supports Family Court's finding that the parties are both fit and loving parents who are loved by their children in return. However, with respect to the parties' oldest son, classified at the hearing as learning disabled, the court noted petitioner's close and active involvement in his son's tutelage and school activities. Additionally, with respect to the couple's youngest child, Brandi, the court noted with concern testimony to the effect that, at the time of the hearing, the girl's progress toward being toilet trained was apparently adversely affected by the separation from her mother. The findings of the court were supported at the hearing by the Law Guardian, who stated that the respective homes of the parties were clean and well-kept and that the children would be well cared for in either abode. Although no specific recommendation as to custody was given, she noted that Brandi had a more definitive feeling for her mother and the eldest boy, Michael, seemed to lean more toward wanting to be with his father. The Law Guardian described the middle child, Matthew, as a "happy-go-lucky boy who would be happy wherever he was placed". Since these and other factors support the decision of Family Court, we decline to disturb its discretion under these circumstances *(see, Matter of Estes v Estes, supra).*

Finally, we reject petitioner's contention that Family Court abused its discretion in placing Brandi with respondent because the living quarters he could provide are apparently superior to those offered by respondent. Family Court did condition its custody order on respondent's having certain repairs performed on the pipes and furnace of her trailer within the near future. There is no allegation before this court that the repairs were not performed and the trailer was

not a safe place to live. Family Court expressly stated that there was no immediate danger to the children caused by these problems. The fact that petitioner is apparently in a better financial condition than respondent and can provide greater creature comforts is not a dispositive factor in these proceedings *(see, Matter of Ebert v Ebert, supra,* at 704). It would be unfair to exclude a child from the company of an otherwise fit parent on such grounds.

Order affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.