■ In the Matter of Daniel Martinez, Appellant, v Beatrice Silva, Respondent. [650 NYS2d 261] —In a custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Richmond County (Clark, J.), dated May 2, 1995, which, after a hearing, denied his peti-

tion to change custody of the parties' child, Daniel, from the mother to him, and granted the mother's application to dismiss the proceeding.

Ordered that the order is reversed, on the facts, without costs or disbursements, the mother's application is denied, the petition is granted, the father is awarded custody of the child Daniel, and the matter is remitted to the Family Court, Richmond County, for a determination as to the mother's visitation.

It is well settled that the court's paramount concern in making a determination regarding custody is the best interest of the child (see, Eschbach v Eschbach, 56 NY2d 167; Friederwitzer v Friederwitzer, 55 NY2d 89; Matter of Ebert v Ebert, 38 NY2d 700).

By order dated January 31, 1994, the mother was awarded custody of the child Daniel, and granted permission to relocate with the child Daniel to Puerto Rico. The court awarded visitation to the father. At the hearing on the instant application for a change of custody to the father, she acknowledged that, in February 1994 she sent the child to Puerto Rico to live with relatives, while she remained in New York. She joined the child in Puerto Rico in March 1994, but violated the visitation order when she did not send the child to New York for visitation over the Easter vacation. She returned to New York with the child in April 1994, but did not alert the father to the whereabouts of herself and the child until after the instant proceeding was commenced.

At the hearing, an investigator from Staten Island Family Court Investigations testified that the mother's home was unstable. Moreover, the child was physically abused by his half sister and the mother's boyfriend while in the mother's household.

The Family Court's determination that custody should not be changed because the child was happy and cared for "where he is", was apparently based upon the conclusions of a social worker from Staten Island Family Court Services that the child had a close relationship with his three half siblings in the mother's household. However, that witness later acknowledged that the oldest of the half siblings was grown "and had gone his own way". The mother acknowledged that her daughter Emily had been removed from the home and was enrolled in a program for children with disciplinary problems. The mother also acknowledged that when Emily was home, she and Daniel would fight. Further, Daniel had informed his father that his sister had inflicted a large burn on his leg.

Under these circumstances, we find that Daniel's relationship with his half siblings is an insufficient basis for preserving the status quo.

After considering all of the evidence, including the court's in-camera interview with the child, we find that a transfer of custody to the father is in the best interest of the child. Accordingly, we grant the father's petition for a change in custody, and remit the matter to the Family Court, Richmond County, for a determination as to the mother's visitation. Copertino, J. P., Santucci, Joy and Goldstein, JJ., concur.