Matter of Abeba N. v Joseph N. (2020 NY Slip Op 05585)





Matter of Abeba N. v Joseph N.


2020 NY Slip Op 05585


Decided on October 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 08, 2020

Before: Renwick, J.P., González, Kennedy, Mendez, JJ. 


Docket No. O-25761/17 Appeal No. 12000 Case No. 2019-5710 

[*1]In re Abeba N., Petitioner,
v
Joseph N., Respondent-Appellant, Administration for Children's Services, Respondent-Respondent.


Eric Nelson, Staten Island, for appellant.
James E. Johnson, Corporation Counsel, New York (Antonella Karlin of counsel), for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.



Order of disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about April 25, 2019 and resettled on or about July 10, 2019, which, to the extent appealed from as limited by the briefs, brings up for review a fact-finding order, same court and Judge, entered on or about March 15, 2019, finding that respondent father neglected the subject child, unanimously affirmed, without costs.
The finding of neglect is supported by a preponderance of the evidence (see Family Ct Act §§ 1012 [f][i][B]; 1046[b][i]). The Family Court credited the testimony of the mother that the father attacked and choked her in the child's presence, which was corroborated by the subject child's out-of-court statements that she saw the father choking the mother and tried to pull his arm away. While the mother also testified to multiple previous incidents of domestic violence, the one incident was sufficient to support the finding of neglect because "[e]ven a single instance of domestic violence may be a proper basis for a finding of neglect, so long as it occurred in the child's presence and resulted in physical, mental or emotional impairment or imminent danger thereof" (Matter of Isabella S. [Robert T.], 154 AD3d 606, 606 [1st Dept 2017]). The record supports a finding that the child was subject to actual or imminent danger of impairment of her emotional and mental condition due to her exposure to the incident of domestic violence by the father against the mother (see Matter of J.R.M.-C. [Antonio M.], 176 AD3d 623 [1st Dept 2019]; Matter of Isabella S., 154 AD3d at 606 [1st Dept 2017] [citations omitted]; Matter of Janiya P. [Scott G.], 179 AD3d 622, 622 [1st Dept 2020]). There exists no basis to disturb the court's credibility determinations (see Matter of Irene O., 38 NY2d 776, 777 [1975]).
We have considered the father's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2020