■ In the Matter of STANLEY J. LUKASZEWICZ, Appellant-Respondent, v CINDY LUKASZEWICZ, Respondent-Appellant. SUSAN B. MARRIS, as Law Guardian, Appellant. [682 NYS2d 696] —Graffeo, J. Cross appeals from an order of the Family Court of Tioga County (Callanan, J.), entered November 5, 1997, which, *inter alia*, partially granted respondent's cross application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' children.

The parties are parents of three children (born in 1983, 1986 and 1989) and have resided together since 1983, although it is unclear whether they were ever married. In 1991, the parties and the children moved from Connecticut to Tioga County. In April 1997 respondent left petitioner and moved with the children to Connecticut, claiming that she was prompted by fear for her children and herself due to petitioner's actions. Specifically, respondent testified that petitioner on various occasions

physically restrained her from leaving their residence, screamed vulgarities at her and, during one incident, attempted to choke her in front of the children after which she sought refuge at a battered women's shelter. She also indicated that petitioner frightened the children and threatened to physically harm them. Shortly after respondent left the residence, petitioner filed for custody of the three children and respondent cross-petitioned seeking custody.

By temporary order entered June 19, 1997, Family Court awarded the parties joint custody of the children with primary physical custody of the eldest child to be with petitioner and that of the two younger children with respondent. On June 24, 1997, another temporary order provided respondent with physical custody of the three children beginning on July 25, 1997, with the parties having alternate custody on a weekly basis thereafter, and beginning on September 2, 1997 the three children were to be returned to petitioner to attend school in Tioga County.

Prior to the custody hearing, a stipulation was proposed by the parties which would have provided that all three children continue to reside with petitioner until October 21, 1997, after which the two younger children would relocate to Connecticut to reside with respondent while the older child would continue to live with petitioner. The stipulation also addressed visitation by exchanging the children every other weekend, with transportation being shared by the parties. However, in the absence of the Law Guardian's consent to the stipulation, Family Court proceeded with the custody hearing. The Law Guardian recommended that there be joint custody with primary physical custody of the three children with petitioner and substantial visitation rights for respondent.

At the conclusion of the hearing, Family Court determined that it would be in the best interests of the children to implement the stipulation that the parties had agreed upon. Accordingly, an order was issued providing for joint custody, with primary physical custody of the two younger children with respondent in Connecticut while the older child would continue to reside with petitioner. Liberal visitation was ordered for both parties for alternate weekends. The Law Guardian, petitioner and respondent now appeal.

It is axiomatic that the best interests of the children is paramount in custody determinations (*see, Eschbach v Eschbach*, 56 NY2d 167), and a court must base its decision on the totality of the circumstances including the ages of the children, fitness of the parents, quality of the home environment, each

parent's ability to provide for the child's intellectual and emotional development, and the effect of the award of custody on one parent would have on the child's relationship with the other (*see, Eschbach v Eschbach, supra*, at 171-173; *Friederwitzer v Friederwitzer*, 55 NY2d 89; *O'Connor v O'Connor*, 146 AD2d 909). Moreover, Family Court's determination will not be disturbed unless it lacks a sound and substantial basis (*see, Matter of De Losh v De Losh*, 235 AD2d 851, 853, *lv denied* 89 NY2d 813; *Matter of Hubbard v Hubbard*, 221 AD2d 807).

Initially, we reject the contention raised by the Law Guardian and petitioner that Family Court's decision to award joint custody was not based on a sound and substantial basis. Although there is proof in the record manifesting the breakdown of the relationship between the parties, we do not find that they were so embattled as to preclude joint custody, especially in light of their apparent ability to agree on visitation arrangements (*see, Susan GG. v James HH.*, 244 AD2d 731). Petitioner's assertion that joint custody was inappropriate (*see, Braiman v Braiman*, 44 NY2d 584) is particularly unavailing since the only evidence in the record supporting an antagonistic relationship between the parties is founded upon petitioner's aggressive behavior. Therefore, Family Court did not abuse its discretion in awarding the parties joint custody of the children.

We also agree with Family Court's determination that the best interests of the two younger children required awarding primary physical custody to respondent. The record reflects that respondent, upon arrival in Connecticut, obtained steady employment and rented a three-bedroom, two-bathroom townhouse in close proximity to family members of both parties. In contrast, petitioner resides in an older mobile home with two bedrooms in an abandoned amusement park and is engaged in some form of self-employment but does not earn a dependable income. Petitioner has further failed to demonstrate that respondent's relocation to Connecticut deprived him of his ability to visit his children on a regular basis or that the court's determination was against the best interests of the children (*see, Matter of McGee v McGee*, 224 AD2d 832; *cf., Matter of Tropea v Tropea*, 87 NY2d 727). Based on the foregoing, Family Court's award of primary physical custody to respondent of the two younger children was supported by a sound and substantial basis record and, therefore, shall not be disturbed.

Although the parties proposed that the eldest son reside with petitioner, upon our review of the entire record we find that it was not in his best interest to remain with petitioner. It is well settled that the splitting of siblings is generally discour-

aged (*see, Matter of Setlur v Setlur*, 135 AD2d 873) and there is no manifestation in the record that separating the children was in their best interests (*see, Wurm v Wurm*, 87 AD2d 590, 591, *appeal dismissed* 56 NY2d 886). The fact that the eldest son testified that he desired to live with his father in order to be near his friends is not persuasive (*see, Matter of Ebert v Ebert*, 38 NY2d 700). Moreover, respondent will provide a more stable atmosphere for the children in light of her employment, appropriate housing, family support and history as the primary caretaker. Therefore, we conclude that it is in the best interests of the children to remain together and to have the parties maintain joint custody, but that primary physical custody of the three children shall be with respondent with petitioner having visitation rights every other weekend.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the facts, without costs, by reversing so much thereof as awarded physical custody of the parties' eldest son to petitioner; respondent is awarded physical custody of said child; and, as so modified, affirmed.