In the Matter of CALMEEK MM., a Child Alleged to be Neglected. ALBANY COUNTY DEPARTMENT FOR CHILDREN, YOUTH AND FAMILIES, Respondent; YVETTE OO., Appellant. (Proceeding No. 1.) In the Matter of JUAN PP., Respondent, v YVETTE OO., Appellant, et al., Respondent. (Proceeding No. 2.) (And Six Other Related Proceedings.) [795 NYS2d 776]—

Cardona, P.J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered May 13, 2004, which, inter alia, granted petitioner Juan PP.'s application, in proceeding No. 2 pursuant to Family Ct Act article 10, for custody of his son.

Respondent Yvette OO. is the mother of Calmeek (born in 1998) and Carlos (born in 2001). Calmeek's father is deceased and petitioner Juan PP. (hereinafter the father) is Carlos' father. In 2002, petitioner Albany County Department for Children, Youth and Families (hereinafter DCYF) commenced a proceeding alleging that the mother neglected the children. After a hearing, Family Court found the children neglected and, in November 2002, ordered placement in foster care for 12 months, with supervised visitation to the mother. An order of supervision was entered directing the mother to, inter alia, participate in counseling and parenting classes. In June 2003 and again in January 2004, the mother petitioned for custody of the children and, in July 2003, DCYF filed two petitions seeking extension of the children's placement. In September 2003, the father petitioned for custody of Carlos and, in February 2004, the mother sought termination of the children's placement in foster care. Family Court consolidated all matters and, following a hearing, issued a May 2004 order which, inter alia, terminated the placement of Carlos, awarded the father custody of him and extended the placement of Calmeek. All of the mother's petitions were dismissed. This appeal by the mother ensued.*

The sole issue herein is whether Family Court abused its discretion in granting custody of Carlos to his father in light of, inter alia, the father's history of domestic violence towards the mother. As stated repeatedly, what is in a child's best interests is always the primary concern in custody determinations (see

---

* While the mother originally appealed Family Court's order extending the placement of Calmeek, she acknowledged in her brief that she has abandoned that issue.

*Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Matter of Morse v Brown,* 298 AD2d 656 [2002]), "and a court must base its decision on the totality of the circumstances including the ages of the children, fitness of the parents, quality of the home environment, each parent's ability to provide for the child's intellectual and emotional development, and the effect of the award of custody on one parent would have on the child's relationship with the other" (*Matter of Lukaszewicz v Lukaszewicz,* 256 AD2d 1031, 1032-1033 [1998]; *see Eschbach v Eschbach, supra* at 171-173; *Friederwitzer v Friederwitzer,* 55 NY2d 89 [1982]).

Family Court's decision herein awarding custody of Carlos to his father should not be disturbed since there is a sound and substantial basis in the record for its determination (*see Matter of Lukaszewicz v Lukaszewicz, supra* at 1033). The father testified that he lived with his fiancée, their infant daughter and the fiancée's son from a previous relationship. He stated that his visitation with Carlos progressed from supervised to unsupervised, including overnights and weekends. Mi-Lyn Dolan, a caseworker for DCYF, recommending that the father be awarded custody, indicated that he was voluntarily complying with anger management and parenting skills services and had bonded with Carlos. Dolan testified that the father completed approximately 30 weeks of a 52-week program addressing anger management for batterers and was receiving substance abuse treatment. Darren Truax, the father's social worker, stated that the father acted appropriately towards Carlos during their visits, including using time-outs and redirection for discipline. He testified that, based on his observations of the father in his home environment, he had no concerns regarding the father having custody. In contrast to the proof regarding the father's positive efforts and progress in therapies, hearing witnesses described the mother's limited improvement in demonstrating consistent parenting skills which resulted in a recommendation that Calmeek's placement continue another 12 months.

This record shows that, in granting custody of Carlos to the father, Family Court considered all relevant factors, including, inter alia, the father's past history of domestic violence and substance abuse. While these factors certainly presented serious cause for concern, such proof had to be examined in light of the significant testimony supporting a finding that the father had made real progress in counseling sessions and was capable of providing for Carlos' needs (*see Matter of Thompson v Gibeault,* 305 AD2d 873, 875 [2003]). Given the totality of the circumstances and mindful that Family Court's assessment of the witnesses should be given great deference because it has "the

advantage of seeing and hearing the witnesses firsthand" (*Matter of Kim HH.*, 239 AD2d 717, 718-719 [1997]), we find no basis to disturb Family Court's decision awarding custody of Carlos to the father.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.