# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

683
CAF 10-01308
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF GARY A. CLIME,
PETITIONER-RESPONDENT,

V                                                          MEMORANDUM AND ORDER

ANGELA D. CLIME, RESPONDENT-APPELLANT.

---

JANE G. LAROCK, WATERTOWN, FOR RESPONDENT-APPELLANT.

FINOCCHIO & ENGLISH, SYRACUSE (MARK J. ENGLISH OF COUNSEL), FOR
PETITIONER-RESPONDENT.

SUSAN A. SOVIE, ATTORNEY FOR THE CHILD, WATERTOWN, FOR KYLIE A.C.

---

Appeal from an order of the Family Court, Jefferson County (Peter A. Schwerzmann, A.J.), entered June 9, 2010 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded primary physical custody of the subject child to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order that, following a hearing, granted the petition seeking to modify the custody and visitation provisions of the judgment of divorce and awarded primary physical custody of the parties' child to petitioner father and visitation to the mother. The mother does not challenge Family Court's finding that a change in circumstances existed, and thus we need only address whether it was in the child's best interests to award primary physical custody to the father (*see Matter of Dubuque v Bremiller*, 79 AD3d 1743).

Contrary to the mother's contention, we conclude that the court's best interests determination is supported by a sound and substantial basis in the record and that the court did not abuse its discretion in awarding primary physical custody to the father (*see Matter of Deborah E.C. v Shawn K.*, 63 AD3d 1724, 1725, *lv denied* 13 NY3d 710; *Matter of Khaykin v Kanayeva*, 47 AD3d 817). The child split her time equally between the father and the mother, and the court found that both parties were equally fit and able to raise the child, that they were both able to provide the child with a stable and adequate home environment and that they could both provide for the child's emotional and intellectual development (*see generally Eschbach v Eschbach*, 56 NY2d 167, 172-173; *Fox v Fox*, 177 AD2d 209, 210). Inasmuch as the

child has no siblings and her age is such that any expressed desire concerning custody is of little significance, the court's determination was largely based upon its finding that the father was better able to provide for the child financially, which is supported by the record. Although both of the parties rely upon government benefits and loans for day-to-day support, the record demonstrates that the mother's financial stability is significantly dependent upon her live-in boyfriend, to whom she is not married or engaged to be married. The mother's boyfriend pays her housing costs, shares the cost of food and watches the child while the mother is at work. By contrast, the court determined that the father "seems to have a larger safety net." Indeed, the father lives in a home owned by his father and grandparents, and his parents live four miles away from the father, transport the child to and from preschool and take care of the child while the father is at school. In addition, the child's maternal great-grandparents live approximately 10-15 minutes away from the father.

The mother further contends that the court erred with respect to several issues of law. The mother's contention with respect to the majority of those alleged errors is not preserved for our review inasmuch as she failed to object to those errors or did not object on the grounds advanced on appeal (*see generally* CPLR 5501 [a] [3]). When the mother's attorney objected to several improper comments made by the father's attorney, the court sustained or otherwise appropriately addressed her objections and admonished the father's attorney. Further, inasmuch as the mother's contention is preserved for our review with respect to certain substantive issues, we note that the mother prevailed on numerous evidentiary objections.

The mother waived her contention that the court erred in proceeding without the originally-assigned Attorney for the Child, inasmuch as she consented to the substitution of a new Attorney for the Child (*see generally Delong v County of Chautauqua* [appeal No. 2], 71 AD3d 1580; *Matter of Patrick R.*, 216 AD2d 964). Further, the record establishes that the substitute Attorney for the Child reviewed the case file, interviewed the child, spoke with the originally-assigned Attorney for the Child and actively participated in the hearing. We thus conclude that the child's interests were fully protected by the substitute Attorney for the Child (*see Matter of Storch v Storch*, 282 AD2d 845, 848, *lv denied* 96 NY2d 718; *see generally Matter of Miller v Miller*, 220 AD2d 133, 136 n 2).

We have reviewed the remaining contentions of the mother and conclude that none warrants reversal of the order.

Entered:  June 17, 2011                      Patricia L. Morgan
                                             Clerk of the Court