■  In the Matter of JUANITA AIKENS, Petitioner, v KENNETH MARK NELL, Respondent. ANGELA S., Appellant. [939 NYS2d 780]—

Memorandum: As we noted when this case was before us on a prior appeal (*Matter of Aikens v Nell*, 63 AD3d 1662 [2009], *revd* 15 NY3d 1 [2010]), petitioner mother commenced this proceeding seeking both a determination that respondent is the father of her then-12-year-old child and an award of child support. We had previously affirmed an order denying respondent's objections to the order of the Support Magistrate, directing him to pay child support following the entry of an order of filiation. The issue before the Court of Appeals on the prior appeal to that Court in *Aikens* was "whether a biological father may assert an equitable estoppel defense in paternity and child support proceedings," and the Court held that, "[u]nder the circumstances of this case, where another father figure is present in the child's life, [the biological father] may assert such a claim" (*id.* at 3). The Court of Appeals thus remitted the matter to Family Court to conduct a hearing on the merits of respondent biological father's claim of equitable estoppel and to determine the best interests of the subject child (*id.* at 6). The Attorney for the Child now contends on appeal that Family Court erred in refusing to determine that respondent is the father of the subject child. We affirm.

The Attorney for the Child waived her contention that the court erred in conducting a *Lincoln* hearing and in relying upon the statements of the subject child adduced at that hearing, inasmuch as the record establishes that the hearing was conducted at her request (*see generally Matter of Clime v Clime*, 85 AD3d 1671, 1672 [2011]; *Delong v County of Chautauqua* [appeal No. 2], 71 AD3d 1580, 1580-1581 [2010]; *Matter of James Jerome C. v Mary Elizabeth J.*, 31 AD3d 1184, 1184-1185 [2006]). In any event, we conclude that the court did not abuse its discretion in conducting a *Lincoln* hearing (*see Matter of Lincoln v Lincoln*, 24 NY2d 270, 272-274 [1969]; *Matter of Farnham v Farnham*, 252 AD2d 675, 677 [1998]; *cf. Matter of Thillman v Mayer*, 85 AD3d 1624, 1625 [2011]), or in consider-

ing the child's statements at the *Lincoln* hearing in determining her best interests (*see generally Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]; *Fox v Fox*, 177 AD2d 209, 210 [1992]; *see also Matter of Flood v Flood*, 63 AD3d 1197, 1199 [2009]). Present—Smith, J.P., Peradotto, Lindley, Sconiers and Gorski, JJ.