Egan Jr., J.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the biological parents of a daughter (born in 1998). By order entered June 12, 2009, the father was awarded custody of the child, and the mother was granted visitation one *931 weekend per month (no overnights) and such further visitation as the parties could agree. Although the child’s sister was permitted to participate in these visitations, the child’s maternal grandmother was not allowed to attend.
In March 2011, the father commenced this modification proceeding seeking to limit the mother’s contact with the child to supervised visitation/telephone access. Following a hearing, Family Court made what it appropriately characterized as “minor modifications” to the prior order by directing that only the child’s sister is permitted to be present for the mother’s visitations with the child and, further, ordering the mother to refrain from making derogatory comments and/or quizzing the child during their telephone conversations regarding where she wishes to live. The mother now appeals, contending that Family Court’s determination lacks a sound and substantial basis in the record.
We affirm. The crux of the mother’s argument on appeal is that Family Court abused its discretion in conducting a Lincoln hearing in this matter — asserting instead that the child should have been compelled to testify in open court. Initially, a review of the hearing transcript reveals that the mother raised no objection when the attorney for the child requested that her client be permitted to testify in camera. Having voiced no opposition to this procedure, the mother cannot now be heard to complain (cf. Matter of Lopez v Robinson, 25 AD3d 1034, 1037 [2006]). Moreover, given the underlying circumstances, we cannot say that Family Court abused its sound discretion in concluding that the child’s interests would best be served by testifying in camera (see generally Matter of Lincoln v Lincoln, 24 NY2d 270, 272 [1969]; Matter of DeRuzzio v Ruggles, 88 AD3d 1091, 1091-1092 [2011]; Matter of McGovern v McGovern, 58 AD3d 911, 913 n 2 [2009]). The mother’s remaining contentions, including her assertion that the father failed to demonstrate a sufficient change in circumstances to warrant modification of the prior visitation arrangement to ensure the continued best interests of the child, have been examined and found to be lacking in merit.
Mercure, J.E, Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.