*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 5, 2016                    520840
_____

In the Matter of EDWARD II.,
                    Appellant,
        v                                MEMORANDUM  AND  ORDER

RENEE II.,
                    Respondent.
_____

Calendar Date:   March 22, 2016

Before:   Lahtinen, J.P., McCarthy, Garry, Rose and Mulvey, JJ.

_____


        Friedman & Molinsek, PC, Delmar (Andrew H. Wood of counsel), for appellant.

        Robert Linville, Public Defender, Hudson (Jessica Howser of counsel), for respondent.

        Margaret E. Donnelly, East Greenbush, attorney for the children.

_____


Mulvey, J.

        Appeal from an order of the Family Court of Columbia County (Koweek, J.), entered June 11, 2014, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

        Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two daughters (born in 1999 and 2002 [hereinafter the older child and younger child,

respectively]).[1]  Pursuant to a negotiated settlement agreement, the parties shared joint legal and physical custody of these children.  The agreement alternated physical custody of the children between the parties, with each parent having custody for approximately half of the weekdays and alternate weekends.  In 2012, the mother filed a petition to modify custody.  Family Court, in a November 2012 consent order, modified the custody arrangement by awarding the parties joint legal custody, with physical custody to the mother.  This order also granted the father alternate weekend visitation with the older child and dinner visitation with this child one night each week until 8:00 p.m. on a night that the younger child had an overnight visit with the father.  For the younger child, the court scheduled visitation every other weekend for 60 days, after which time the younger child's visitation would revert back to the schedule in the parties' settlement agreement.  The weekend visitation was to coincide with the older child's weekend visitation.

In late 2013, the older child began having some medical issues, which persisted through late January 2014.  Sometime in early January 2014, the mother discovered that the older child was engaged in the serious misuse of a cell phone.  After some considerable conflict between the mother and the older child, the mother took the child's cell phone to law enforcement — who confirmed the gravity of the misuse.  The mother called the father regarding the situation, and a family meeting was scheduled to discuss the incident, which was later canceled by the father.  The mother restricted the older child's cell phone access and enrolled her in counseling.  On January 21, 2014, the father commenced the instant proceeding to modify custody, seeking primary physical custody of the children on the basis that the mother had been verbally and physically abusive to the older child regarding the cell phone incident, that the older child had allegedly expressed a preference to be in his care and that the November 2012 custody order did not allow him enough

_____

[1]  The parties also have another child (born in 1991) who is not a party to this proceeding as that child has reached the age of majority.

visitation with the children together.

Following a fact-finding hearing and a <u>Lincoln</u> hearing, Family Court dismissed the petition finding that the father "failed to meet his burden to justify a modification of the existing custodial [o]rder." In doing so the court noted the "clear undercurrent of dislike and mistrust between [the parties] and an extensive history of litigation between them." In regard to the cell phone incident, it determined that the mother "was justified in being upset with [the older child] and getting into a confrontation with her." The court also noted that, since then, "the relationship between [the mother and the older child] appears to have returned to a normal caring relationship." In addition, since the cell phone incident, the father had spent more than the minimal time with the older child than afforded him in the November 2012 order. The father appeals.

We affirm. First, we note that the November 2012 order included a provision that "[e]ither party may petition [Family C]ourt to modify this [o]rder without the necessity of showing changed circumstances and are permitted to utilize any evidence that existed as of the date of settlement." Consequently, the issue presented to Family Court was not whether a change in circumstances had been demonstrated, but whether the evidence demonstrated that the change proposed by the father would serve the best interests of the children. "In applying the best interest[s] standard, Family Court must consider such relevant factors as maintaining stability in the child[ren's lives], the wishes of the child[ren], the quality of the home environment, each parent's past performance, relative fitness and ability to guide and provide for the child[ren's] intellectual and emotional development, and the effect the award of custody to one parent would have on the child[ren's] relationship with the other. The evaluation of these sensitive factors is best made by Family Court since it is in the best position to evaluate the parties' testimony, character and sincerity. Additionally, because Family Court has an opportunity to assess each witness's credibility, its factual findings are accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (<u>Matter of Fletcher v Young</u>, 281 AD2d 765, 767 [2001] [citations omitted]).

The father argues that because the November 2012 order only permits him to have incidental simultaneous visitation with the children, it is "contrary to precedent . . . and public policy." He further avers that the November 2012 order unacceptably results in separating the children, a circumstance that has been discouraged by both this Court and the Court of Appeals (see e.g. Eschbach v Eschbach, 56 NY2d 167, 173 [1982]; Matter of Ebert v Ebert, 38 NY2d 700, 704 [1976]; Matter of Lukaszewicz v Lukaszewicz, 256 AD2d 1031, 1033 [1998]). The facts in this record, however, distinguish those cases from the case at bar, since they either concern custody orders where the siblings were separated from each other by state lines (see Matter of Ebert v Ebert, 38 NY2d at 702; Matter of Lukaszewicz v Lukaszewicz, 256 AD2d at 1032) or because physical custody of the siblings did not lie in one parent (see Eschbach v Eschbach, 56 NY2d at 170-171). In contrast, pursuant to the parties' settlement agreement and Family Court's November 2012 order, physical custody of the children rests in the mother – the older child visits with the father every other weekend and he is permitted indefinite visitation with her at any other time. In regard to the younger child, each parent has physical custody for approximately half of the weekdays and alternate weekends. While this may result in the separation of the sisters for a few nights each week, this separation is not the type of separation of siblings that courts have discouraged (see Robert B. v Linda B., 119 AD3d 1006, 1009 [2014], lv denied 24 NY3d 906 [2014]; compare Matter of Valenti v Valenti, 57 AD3d 1131, 1135 [2008], lv denied 12 NY3d 703 [2009]; Matter of Donahue v Buisch, 265 AD2d 601, 603-604 [1999]), and those cases should not be coextended to the custody and visitation arrangement between the parties here. The father's public policy argument on this point is without merit (see Robert B. v Linda B., 119 AD3d at 1009).

We further find the father's contentions regarding the adequacy of the representation by the attorney for the children to be without merit. Finally, testimony at the fact-finding hearing and Lincoln hearing demonstrate that the father failed to appreciate, as serious, the older child's medical and mental health needs, and he is less aware of the children's academic progress and needs than the mother. Under all of these circumstances, we find that the change proposed by the father

does not serve the children's best interests and Family Court properly dismissed his petition.

Lahtinen, J.P., McCarthy, Garry and Rose, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court