State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  October 20, 2016          520726
_____

In the Matter of JOHN V.,
                    Respondent,
        v                               MEMORANDUM AND ORDER

SARAH W.,
                    Appellant.
_____

Calendar Date:  September 9, 2016

Before:  McCarthy, J.P., Egan Jr., Devine, Clark and Aarons, JJ.

_____

        Norbert A. Higgins, Binghamton, for appellant.

        Richard J. Grace, Binghamton, for respondent.

        Andrew Bailey, Binghamton, attorney for the child.

_____

Clark, J.

        Appeal from an order of the Family Court of Broome County
(Connerton, J.), entered December 11, 2014, which granted
petitioner's application, in a proceeding pursuant to Family Ct
Act article 6, to modify a prior order of custody.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the parents of a son (born in 2002).
Pursuant to a 2009 order entered upon consent, the parties had
joint legal custody of the child, with primary physical custody
to the mother and parenting time to the father as arranged by the
parties.  In July 2014, after the child reported to the father
that the mother's live-in fiancé "ha[d] been hitting" him, the
father commenced this proceeding seeking primary physical custody
of the child.  Following a fact-finding hearing, which included
testimony given by the child outside the presence of the parties

but in the presence of counsel, Family Court modified the prior order of custody by awarding primary physical custody to the father and "reasonable" parenting time to the mother to be arranged between the parties.[1] The mother appeals, and we affirm.

A parent seeking to modify an existing custody order must demonstrate that there has been a change in circumstances that warrants an inquiry into the best interests of the child and, once this threshold showing has been made, that modification of the existing order is necessary to ensure the child's continued best interests (see Matter of Schmitz v Schmitz, 139 AD3d 1123, 1123 [2016]; Matter of Ryan v Lewis, 135 AD3d 1135, 1136 [2016]). As established through testimony given by the mother, the child and the father, the mother's fiancé struck the child on the back of the head after accusing the child of touching the television screen and later raised his fist at the child and stated that he could punch the child, at which point the mother separated the child and her fiancé. The child testified that the fiancé had never before raised a fist at him, but had kicked him in the butt more than 10 times, frequently yelled at him and occasionally called him derogatory names. The mother stated that she had seen her fiancé kick the child in the butt on one occasion. As Family Court properly concluded, this evidence demonstrated a change in circumstances warranting an inquiry into the best interests of child (see Matter of Kelsey v Kelsey, 111 AD3d 1338, 1338 [2013]; Matter of Michael CC. v Amber CC., 57 AD3d 1037, 1038-1040 [2008]; Matter of Hagans v Harden, 12 AD3d 972, 973 [2004], lv denied 4 NY3d 705 [2005]).[2]

The requisite change in circumstances having been established, we thus turn to the best interests analysis, which involves consideration of, among other factors, each parent's relative fitness and past parenting performance, the duration of

_____

[1] As the parties have not asked this Court to fashion a parenting time schedule, we decline to do so.

[2] We also note that the mother stated in her answer that a finding of a change in circumstances was "warranted."

the prior custody arrangement, the child's wishes, the respective home environments, including the existence of domestic violence, and the likelihood of each parent to foster a relationship between the child and the other parent (see Matter of Edward II. v Renee II., 139 AD3d 1140, 1141 [2016]; Matter of Chris X. v Jeanette Y., 124 AD3d 1013, 1014 [2015]).  It is evident from the record that both the mother and the father are capable and loving parents and that, as demonstrated by the periods in which each were the primary custodian, the child has thrived in each parent's care.  However, the mother's testimony revealed that she minimized and made excuses for her fiancé's inappropriate behavior.  In addition, Family Court found that the mother was "angry" about the events that transpired after her fiancé struck the child and that she blamed the child for the situation, as well as the legal fees that she and her fiancé had incurred.  The record further demonstrated that the father was the parent who was more apt to promote the child's relationship with the other parent.  Indeed, the mother stated that, regardless of his wishes, the child should live with her and that she was unsure how amenable she would be to the child having visits with the father.  In contrast, the father testified that the child could call the mother as often as desired and he did not express any opposition to the mother having parenting time with the child. Considering the foregoing evidence, as well as the child's preferences, and according due deference to Family Court's credibility assessments and factual findings (see Matter of Williams v Williams, 66 AD3d 1149, 1151 [2009]), there is a sound and substantial basis in the record for Family Court's determination that an award of primary physical custody to the father was in the child's best interests (see Matter of Virginia C. v Donald C., 114 AD3d 1032, 1033-1036 [2014]; Matter of Mahoney v Regan, 100 AD3d 1237, 1238 [2012], lv denied 20 NY3d 859 [2013]).

Further, we reject the mother's assertion that her trial counsel was ineffective for not calling her fiancé as a witness at the hearing.  It is speculative to conclude that, if called as a witness, the mother's fiancé would have provided testimony that would have been favorable to the mother, particularly since the mother herself testified that her fiancé had hit the child (see

Matter of Coleman v Millington, 140 AD3d 1245, 1248 [2016];
Matter of Hurlburt v Behr, 70 AD3d 1266, 1267 [2010], lv
dismissed 15 NY3d 943 [2010]; Matter of Baker v Baker, 283 AD2d
730, 731 [2001], lv denied 96 NY2d 720 [2001]).  In addition, we
are satisfied that the mother received meaningful representation,
as her counsel engaged in thorough and effective direct and
cross-examinations, pursued a clear strategy and made appropriate
objections and motions (see Matter of Coleman v Millington, 140
AD3d at 1248; Matter of Robinson v Bick, 123 AD3d 1242, 1243
[2014]).

        Finally, the mother argues that Family Court committed
reversible error by allowing the child to testify as a fact
witness in the presence of counsel but not the parties, and by
not sealing the child's testimony.  Initially, the mother, having
raised no objection to Family Court's proposed procedure and,
moreover, having requested that the parties' counsel be present
for the testimony, "cannot now be heard to complain" about the
course taken by Family Court (Matter of Washington v Marquis, 97
AD3d 930, 931 [2012]; see Matter of Battin v Battin, 130 AD3d
1265, 1266 [2015]; Matter of Baxter v Perico, 288 AD2d 717, 717-
718 [2001]).  Nevertheless, we take this opportunity to
underscore the importance of protecting a child's right to
confidentiality, which is paramount and superior to the rights of
the parties (see Matter of Prefario v Gladhill, 140 AD3d 1235,
1237 n [2016]; Matter of Rohde v Rohde, 135 AD3d 1011, 1011 n
[2016]; Matter of Julie E. v David E., 124 AD3d 934, 937 [2015]).
Even if, as occurred here, a child assents to his or her
testimony being shared with his or her parents, Family Court must
not put a child in "the position of having [his or her]
relationship with either parent further jeopardized by having to
publicly relate [his or her] difficulties with them or be
required to openly choose between them" (Matter of Lincoln v
Lincoln, 24 NY2d 270, 272 [1969]; accord Matter of Julie E. v
David E., 124 AD3d at 937; see Matter of Rivera v LaSalle, 84
AD3d 1436, 1437 [2011]).  Moreover, because the mother
corroborated the father's hearsay account of the incident that
occurred between the child and the fiancé, we perceive no reason
for the child to have testified as a fact witness and we
reiterate that such a practice should be used sparingly and only

when absolutely necessary (see Matter of Gonzalez v Hunter, 137 AD3d 1339, 1343 [2016], lv dismissed and denied 27 NY3d 1061 [2016]; Matter of Battin v Battin, 130 AD3d at 1266 n 2).

McCarthy, J.P., Egan Jr., Devine and Aarons, JJ., concur.


ORDERED that the order is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court