■ In the Matter of Terrell M. Dorsey, Respondent, v Chanel M. De'Loache, Appellant. (And Other Related Proceedings.) [54 NYS3d 728]—

Mulvey, J. Appeals (1) from an order of the Family Court of Otsego County (Burns, J.), entered September 16, 2015, which, in proceedings pursuant to Family Ct Act article 6, granted petitioner's motion for temporary custody of the parties' child, (2) from an order of said court, entered September 30, 2015, which, among other things, granted petitioner's applications, in proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody, and (3) from an order of said court, entered October 19, 2015, which, among other things, granted petitioner's applications, in proceedings pursuant to Family Ct Act article 6, to find respondent in willful violation of a prior order of the court.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unwed parents of a daughter (born in 2014). In April 2015, after a negotiated resolution by the parents of several pending petitions, Family Court awarded sole legal and residential custody of the child to the mother with visitation to the father. A series of subsequent modification and violation petitions were soon thereafter filed by both parties. After a fact-finding hearing, Family Court (1) by temporary order entered September 16, 2015, awarded the father sole legal and residential custody of the child with restricted and supervised visitation to the mother, and (2) by order entered September 30, 2015, awarded the father sole legal and residential custody of the child with visitation to the mother. In a separate order, Family Court also found the mother to be in willful violation of the court's April 2015 order. She was ordered to be incarcerated for 90 days, with the sentence to be suspended on the condition that she comply with the custody and visitation order entered September 30, 2015. The mother appeals from all three orders.

Initially, we note that no appeal may be taken as of right from the September 16, 2015 order since it is not a final order of disposition (*see* Family Ct Act § 1112 [a]; *Matter of Tina X. v John X.*, 134 AD3d 1174, 1175 [2015]; *Matter of Loukopoulos v Loukopoulos*, 68 AD3d 1470, 1471 [2009]). As such, the appeal from that order must be dismissed.

"[A] party seeking to modify an existing custodial arrangement is required to demonstrate, as a threshold, that there has been a change in circumstances since the prior custody order to warrant a review of the issue of custody" (*Matter of Andrew L. v Michelle M.*, 140 AD3d 1240, 1241 [2016] [internal quotation marks, brackets, ellipses and citations omitted]). "[A]ssuming that [the threshold] requirement is met, the father then must show that modification of the prior order is necessary in order to ensure the child's continued best interests" (*Matter of Merwin v Merwin*, 138 AD3d 1193, 1194 [2016]). Even if Family Court failed to articulate its finding of a change in circumstances, "our independent review of the record allows us to make that finding" (*Matter of Carr v Stebbins*, 135 AD3d 1013, 1014 [2016] [internal quotation marks and citation omitted]; *see Matter of D'Angelo v Lopez*, 94 AD3d 1261, 1262 [2012]).

Testimony at the fact-finding hearing shows that the mother admitted to frequently violating the prior custody order by disregarding the visitation schedule, unilaterally changing the exchange locations, failing to provide the father with information concerning the child, and failing to cooperate with keeping

and exchanging the child's medical log. She also admitted that she removed the child from the state in violation of the custody order. Further, the record shows that the mother used derogatory language, including racial epithets, toward the father in the presence of the child, committed acts of domestic violence toward the father and others in the presence of the child and generally demonstrated an unmitigated hatred and lack of respect toward the father, such that any meaningful communication between them was impossible. It is clear from the record that there is a lack of a functioning relationship between the mother and the father to the point that they are unable to cooperatively resolve parenting issues in a manner that is in the best interests of the child (see *Matter of Deyo v Bagnato*, 107 AD3d 1317, 1318-1319 [2013], *lv denied* 22 NY3d 851 [2013]; *Matter of Youngs v Olsen*, 106 AD3d 1161, 1163 [2013]). This significant deterioration of the parental relationship, by itself, represents a change in circumstances (see *Matter of Colleen GG. v Richard HH.*, 135 AD3d 1005, 1007 [2016]; *Matter of Schlegel v Kropf*, 132 AD3d 1181, 1182 [2015]).

Turning to the best interests of the child analysis, the mother contends that Family Court failed to explicitly set forth a review of the necessary factors on the record or in its decision and order. In this analysis, a court is to consider such factors as "each parent's relative fitness and past parenting performance, the duration of the prior custody arrangement, the child's wishes, the respective home environments, including the existence of domestic violence, and the likelihood of each parent to foster a relationship between the child and the other parent" (*Matter of John V. v Sarah W.*, 143 AD3d 1069, 1070 [2016]). Upon review, we note that, at the conclusion of the fact-finding hearing, Family Court made its credibility determinations on the record and disposed of the multiple petitions, then pending, except for the violation petition filed by the father. In its ruling on the petition for a modification of custody, the court expressly found that the mother had not failed to provide for the child's physical needs, but had completely failed to understand the child's emotional needs by her expressions of contempt for the father in the presence of the child. The court noted her acts of domestic violence toward the father, her overt racial prejudice, including the use of racial slurs toward him, and her failure to promote and facilitate the child's relationship with the father. In addressing the suitability of the father to be the custodial parent, the court acknowledged his shortcomings, but found that, unlike the mother, he had demonstrated a continued desire for the child to form a relationship with the mother and that he was the better parent to at-

tend to the child's physical and emotional needs (*see generally Matter of Paul A. v Shaundell LL.*, 117 AD3d 1346, 1350 [2014], *lv dismissed and denied* 24 NY3d 937 [2014]; *Matter of John V. v Sarah W.*, 143 AD3d at 1070). "[B]ecause Family Court has an opportunity to assess each witness's credibility, its factual findings are accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Edward II. v Renee II.*, 139 AD3d 1140, 1141-1142 [2016]). We find in the record before us a sound and substantial basis to support Family Court's determination to award sole legal and residential custody to the father.

The mother's other arguments do not require extended discussion. First, she contends that she was denied the effective assistance of counsel. "A finding of ineffective assistance of counsel requires that the proponent demonstrate that he or she was deprived of reasonably competent and, thus, meaningful representation" (*Matter of Robinson v Bick*, 123 AD3d 1242, 1242 [2014] [internal quotation marks, brackets and citations omitted]). The record shows that her attorney actively participated in the fact-finding hearing, effectively cross-examined witnesses, presented her own witnesses and made appropriate and often successful objections (*see Matter of Knight v Knight*, 92 AD3d 1090, 1093 [2012]). Based on our review of the record, we cannot say that the mother was deprived of the effective assistance of counsel during the course of these proceedings. The mother also contends that Family Court abused its discretion by failing to appoint an attorney for the child. Such an appointment is entirely discretionary, based on relevant factors, including a child's age (*see generally* Family Ct Act § 249 [a]; *Matter of Swett v Balcom*, 64 AD3d 934, 936 [2009], *lv denied* 13 NY3d 710 [2009]). Since the child was less than two years old at the time of these proceedings, and in the "absence of any demonstrable prejudice arising from the failure to appoint an attorney to represent [the child], we discern no abuse of discretion" (*Matter of Keen v Stephens*, 114 AD3d 1029, 1032 [2014]).

The mother also contends that Family Court's finding of a willful violation of its order is not supported by the record. "To establish that a party is in civil contempt for willfully violating a court order, a petitioner must show by clear and convincing evidence that (1) Family Court issued a valid, clear and explicit order, (2) the party alleged to have violated the order actually knew the conditions of that order, and (3) the alleged violation prejudiced some right of the petitioner" (*Matter of Khan v Khan*, 140 AD3d 1252, 1253-1254 [2016] [internal quotation marks and citations omitted]). Family Court's find-

ing will be disturbed "only if it is an abuse of discretion" (*id.* at 1254). The mother was in court when the subject order was made and she was handed a copy. The order, in great detail, set out the rights and responsibilities of each party. Significantly, in her testimony, the mother admitted to multiple purposeful violations of the order. Family Court found that the mother almost gleefully admitted to withholding visitation, in defiance of the order, by unilaterally changing specific exchange locations and by removing the child from the state without the father's consent. Family Court detailed the basis for its finding that the mother willfully violated the order, and it did not abuse its discretion. Finally, the record fails to support, in any respect, the mother's contention that Family Court was in some way biased against her.

McCarthy, J.P., Garry, Egan Jr. and Rose, JJ., concur. Ordered that the appeal from the order entered September 16, 2015 is dismissed, without costs. Ordered that the orders entered September 30, 2015 and October 19, 2015 are affirmed, without costs.