Matter of Carl KK. v Michelle JJ. (2018 NY Slip Op 04408)





Matter of Carl KK. v Michelle JJ.


2018 NY Slip Op 04408


Decided on June 14, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 14, 2018

524946

[*1]In the Matter of CARL KK., Respondent,
v
MICHELLE JJ., Appellant. (And Other Related Proceedings.)

Calendar Date: May 4, 2018

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Rumsey, JJ.


Alena E. Van Tull, Binghamton, for appellant.
Norbert A. Higgins, Binghamton, for respondent.
Susan B. McNeil, Ithaca, attorney for the children.


Rumsey, J.

MEMORANDUM AND ORDER
Appeal from an order of the Family Court of Chemung County (Baker, J.), entered April 21, 2017, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of four children, including a daughter (born in 2009) and a set of triplets (born in 2011). In July 2016, Family Court (Hayden, J.) ordered, among other things, that the father have two hours of parenting time each week at his home, supervised by the children's maternal aunt. Two weeks later, the father commenced
this modification proceeding, seeking a new supervisor for his parenting time. Thereafter, the mother filed a modification petition, seeking termination of the father's parenting time. In October 2016, after the parties were unable to mutually agree on a new supervisor, Family Court issued a temporary order modifying the location of the father's parenting time to the Horseheads Parent Resource Center (hereinafter the center). Two months later, the father filed an enforcement petition, alleging that the mother was preventing him from having his parenting time with the children.
A fact-finding hearing was thereafter held after which Family Court (Baker, J.) dismissed the mother's modification petition on the basis that there was no proof that the father's [*2]parenting time was detrimental to the children. Family Court further determined that it was not in the children's best interests to have the maternal aunt supervise the father's parenting time, due to the animosity between the father and the maternal aunt, and granted the father's modification petition by providing for supervised parenting time at his home, to be supervised by Joan Ostrander, an employee of the center. The mother appeals.
Family Court properly dismissed the mother's modification petition seeking termination of the father's parenting time. "A parent seeking to modify an existing custody order first must demonstrate that a change in circumstances has occurred since the entry thereof that would then warrant the court undertaking a best interests analysis in the first instance; assuming this threshold requirement is met, the parent then must show that modification of the underlying order is necessary to ensure the children's continued best interests" (Matter of LaBaff v Dennis, 160 AD3d 1096, 1096 [2018] [internal quotation marks, brackets and citations omitted]). Family Court made no specific finding regarding whether a change in circumstances had occurred. The existing order provided for supervised parenting time at the center, and there was no evidence that the conditions of the only visit that occurred there were unsatisfactory. Thus, we conclude that the mother failed to demonstrate a change in circumstances.
In any event, even if a change in circumstances had been established, the record supports Family Court's determination that continued parenting time with the father was in the children's best interests. The best interests of children are generally advanced by a "meaningful relationship with both parents. Accordingly, unless parenting time with the noncustodial parent would be detrimental to the children's welfare, Family Court must structure a schedule that results in frequent and regular access by the noncustodial parent" (Matter of Adam E. v Heather F., 151 AD3d 1212, 1214 [2017] [internal quotation marks and citations omitted]). There was no evidence that continued supervised visitation of two hours per week would be detrimental to the children's welfare. The record established that the father maintained a home suitable for visitation, and the mother testified that she was not opposed to supervised visitation at the father's home.
Family Court properly granted the father's modification petition. When exercising its discretion to designate a supervisor for parenting time, Family Court must ensure that the children will receive appropriate and responsible supervision (see Matter of Taylor v Fry, 47 AD3d 1130, 1132 [2008]; Matter of Anaya v Hundley, 12 AD3d 594, 596 [2004]). We discern no abuse of discretion in Family Court's designation of Ostrander to supervise the father's weekly parenting time. Ostrander was the program director at the center where the father's supervised visits were scheduled to occur under the existing order. She has degrees in education, including one at the graduate level, and has additional training in conducting supervised visitation. She had been employed by the center for 8½ years and, during that time, she supervised visits, including effecting transfers of children between parents. In addition to her training and experience, Ostrander had some familiarity with the parties and the children based on her previous supervision of one visit between the father and the children at the center.
The mother's claim that she received ineffective assistance of counsel does not require extended discussion. "In order to successfully maintain such a claim, a party must demonstrate that he or she was deprived of meaningful representation as a result of his or her lawyer's deficiencies" (Matter of Tracey L. v Corey M., 151 AD3d 1209, 1212 [2017] [internal quotation marks, brackets and citation omitted]; see Matter of Dorsey v De'Loache, 150 AD3d 1420, 1423 [2017]). Our review of the record shows that the mother received meaningful representation from her counsel, who conducted thorough direct examinations of the mother and the maternal aunt, cross-examined the father's witnesses and made an appropriate closing statement.
Garry, P.J., Egan Jr., Lynch and Mulvey, JJ., concur.
ORDERED that the order is affirmed, without costs.