Matter of Inman v Coleman (2022 NY Slip Op 05449)

Matter of Inman v Coleman

2022 NY Slip Op 05449

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

682 CAF 21-00702

[*1]IN THE MATTER OF RALPH INMAN, PETITIONER-RESPONDENT-RESPONDENT,
v
TERESA COLEMAN, RESPONDENT-PETITIONER-APPELLANT. 

HAWTHORNE & VESPER, PLLC, BUFFALO (TINA M. HAWTHORNE OF COUNSEL), FOR RESPONDENT-PETITIONER-APPELLANT. 
TRIGILIO CIAMBRONE PARTNERSHIP, BUFFALO (ELIZABETH CIAMBRONE OF COUNSEL), FOR PETITIONER-RESPONDENT-RESPONDENT.
JAMIE L. CODJOVI, BUFFALO, ATTORNEY FOR THE CHILD.

 Appeal from an order of the Family Court, Erie County (Mary G. Carney, J.), entered May 3, 2021 in proceedings pursuant to Family Court Act article 6. The order, inter alia, granted petitioner-respondent sole legal and physical custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these proceedings pursuant to Family Court Act article 6, respondent-petitioner mother appeals from an order that, inter alia, awarded petitioner-respondent father sole legal and physical custody of the subject child and designated him the child's primary residential parent, subject to the mother's rights to parenting time as set forth in the order. We reject the mother's contention that there is not a sound and substantial basis in the record to support Family Court's determination that it was in the child's best interests to award the father sole custody. In making a custody determination, " 'the court must consider all factors that could impact the best interests of the child, including the existing custody arrangement, the current home environment, the financial status of the parties, the ability of [the parties] to provide for the child's emotional and intellectual development and the wishes of the child . . . No one factor is determinative because the court must review the totality of the circumstances' " (Sheridan v Sheridan, 129 AD3d 1567, 1568 [4th Dept 2015]; see Eschbach v Eschbach, 56 NY2d 167, 171-173 [1982]). Contrary to the mother's contention, the court acknowledged that the wishes of the child favored the mother. Because that factor alone is "not . . . determinative," we perceive no error in how the court considered it (Sheridan, 129 AD3d at 1569 [internal quotation marks omitted]; see Dintruff v McGreevy, 34 NY2d 887, 888 [1974]). We further conclude that the court properly weighed and considered the remaining relevant factors, which favored the father, and we perceive no basis to disturb the award of sole custody to the father (see Matter of Radley v Radley, 107 AD3d 1578, 1579 [4th Dept 2013], lv denied 22 NY3d 852 [2013]).
The record reveals that the mother consented to the subject child's adult sister's testimony in camera and therefore the mother has waived the contention that the court erred in conducting the in camera hearing (see Matter of Washington v Marquis, 97 AD3d 930, 931 [3d Dept 2012]; see also Matter of Aikens v Nell, 91 AD3d 1308, 1308 [4th Dept 2012]). We have reviewed the mother's remaining contentions and conclude that none warrants modification or reversal of the order.
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court